620 So.2d 1210 (1993)
Bobby W. ASHCRAFT
v.
CITY OF RICHLAND.
No. 90-KA-0626.
Supreme Court of Mississippi.
June 24, 1993.
Harry Kelley, Jackson, for appellant.
Mike Parker and Paul B. Henderson, Young Scanlon & Sessums Firm, Jackson, for appellee.
Before PRATHER, P.J., and SULLIVAN and ROBERTS, JJ.
SULLIVAN, Justice, for the Court:
Bobby W. Ashcraft appeals from an order affirming the verdict of the Rankin County Court entered on August 30, 1990, by the Circuit Court of Rankin County. He raises several issues concerning his conviction of driving under the influence of intoxicants, third offense, in violation of Miss. Code Ann. § 63-11-30(1) and § 63-11-30(2)(c) (1972).

THE FACTS
On May 24, 1989, Ashcraft was found guilty in the Municipal Court of Richland, Mississippi, of driving under the influence of intoxicating liquor, third offense. He was fined the sum of $1000.00 and sentenced to serve six (6) months in jail.
On June 26, 1989, Ashcraft took an appeal for trial de novo to the Rankin County Court. On September 21, 1989, the defendant was found guilty of driving under the influence of intoxicants following a trial by judge alone. Ashcraft was sentenced to serve a term of one (1) year in the Rankin County Jail with six (6) months suspended and ordered to pay a $1000.00 fine. His motion for a new trial was subsequently overruled.
Ashcraft perfected an appeal on the record to the Circuit Court of Rankin County which affirmed his conviction and sentence on April 30, 1990. On May 21, 1990, Ashcraft petitioned the circuit judge for leave to appeal to this Court based upon the following two constitutional grounds:

(1) That a prior conviction based on an unsworn affidavit could not be used to enhance punishment.

(2) That appellant could not be guilty of anything greater than a first offense.
On appeal, the targets of appellate scrutiny are the purported failure of the State to allege and prove venue; the use, to enhance punishment, of a prior conviction based on an unsworn affidavit; the alleged use of uncounseled prior convictions, and the purported failure of the charging affidavit to charge anything greater than a first offense. Only the last issue requires discussion.

*1211 THE LAW

Ashcraft asserts "[t]he affidavit did not charge anything greater than a first offense ... [s]ince the details and essential elements of the two prior convictions are missing in the instant case from the affidavit used to charge the accused as a three time offender... ." We agree.
The disposition of this case is controlled by our recent decision in Page v. State, 607 So.2d 1163 (Miss. 1992), which involved a fourth offense felony conviction of driving under the influence of intoxicating liquor in violation of Miss. Code Ann. § 63-11-30(1) and § 63-11-30(2)(d). Page compels us to reverse and remand the present case to the trial court for further proceedings as a first offender, as opposed to a third offender. We do so because the Uniform Traffic Ticket which served as the charging affidavit, while alleging the defendant had been previously convicted two times of a violation of § 63-11-30(1) and that he was being charged as a third offender, failed to allege he was ever tried for and convicted of a second offense of driving under the influence of intoxicants. In short, Ashcraft's status as a convicted second offender was not alleged.
At the time of Ashcraft's offense on April 30, 1989, Miss. Code Ann. § 63-11-30(1) of our Implied Consent Law read as follows:

(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who

(a) is under the influence of intoxicating liquor;

(b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; or

(c) has ten one-hundredths percent (.10%) or more by weight volume of alcohol in the person's blood based upon milligrams of alcohol per one hundred (100) cubic centimeters of blood as shown by a chemical analysis of such person's breath, blood or urine administered as authorized by this chapter.
By virtue of subsection (2)(a), as it formerly read at the time of Ashcraft's offense, any person convicted of a first offense of violating subsection (1), supra, shall be punished by a fine of not less than $200.00 nor more than $500.00 or by imprisonment for not more than 24 hours in jail, or by both fine and imprisonment.
By virtue of subsection (2)(b), any person convicted of a second offense of violating subsection (1), the offenses being committed within a period of five (5) years, shall be punished by a fine of not less than $400.00 nor more than $1000.00 and by imprisonment for not less than forty-eight (48) consecutive hours nor more than one (1) year or by a sentence to community service work for not less than ten (10) days nor more than a year.
Subsection (c) describing a third or subsequent offense formerly read as follows:
(c) For any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be fined not less than five hundred dollars ($500.00) nor more than one thousand dollars ($1,000.00) and shall be imprisoned not less than thirty (30) days nor more than one (1) year....
The Uniform Traffic Ticket issued by the City of Richland and serving as the charging affidavit in Ashcraft's case reads, in its pertinent parts, as follows:
That [Ashcraft] did unlawfully and willfully operate a motor vehicle within this state:
Under the influence of intoxicating liquor in violation of Section 63-11-30(1)(a), Miss. Code Ann. (1972);
* * * * * *
That the aforesaid individual refused to take a breath test as required by law and the charge of operating a motor vehicle under the influence of intoxicating liquor is based upon other competent evidence, and

That said person had previously been convicted of a violation of Section 63-11-30(1), Miss.Code Ann (1972) 2nd time(s) and that said person is being charged as a 3rd offender within five (5) years, under *1212 Section 63-11-30(1), Miss. Code Ann. (1972); against the peace and dignity of the State of Mississippi. [Emphasis supplied].
In Page v. State, we reaffirmed the rule that "[q]uestions regarding the legal sufficiency of an indictment to charge a particular crime, as here, are determined on the face of the indictment without reference to whether proof has been, or may be, offered in support of the charge." 607 So.2d at 1165.
In support of his position, Ashcraft relies upon two of the same "whiskey" cases we discussed and relied upon in Page where we found the indictment insufficient. Our holding in Page v. State is embodied in the following language:
The indictment attempting to charge Page with a felony is insufficient. As in the whiskey and shoplifting context, the Implied Consent Law, Miss. Code Ann. § 63-11-30(1) to (2), increases the penalty for each succeeding violation of the statute to the point where a fourth or subsequent violation may be punished as a felony. Each subparagraph of § 63-11-30(2) represents a separate crime with separate penalties. Section 63-11-30(2)(a) establishes an offense and penalty for the first conviction under subsection (1). Section 63-11-30(2)(b) establishes a second offense with its attendant, graduated penalty. Section 63-11-30(2)(c) establishes a third offense and graduated penalty, and Section 63-11-30(2)(d) establishes a fourth or felony offense and graduated penalty.

Thus, each prior conviction is an element of the felony offense, and each must be specifically charged. Here, the indictment tells Page nothing more than that he has been convicted five times previously for violating § 63-11-30(1). For all we know, Page was convicted and punished as a first offender under § 63-11-30(2)(a) each and every time. The indictment fails to allege requisite elements of the felony offense, i.e., that Page has been convicted previously of a first offense violation of § 63-11-30(1) as provided in § 63-11-30(2)(a), and thereafter of a second offense violation under § 63-11-30(1), after having been convicted for a first offense, as provided in § 63-11-30(2)(b), and thereafter of a third offense violation of § 63-11-30(1), after having been convicted of a second offense, as provided in § 63-11-30(2)(c) of conviction of first, second and third offense.
Without these charges, the indictment here is insufficient to charge anything other than a repeat misdemeanor, and not a felony fourth offense. [Emphasis supplied].
607 So.2d at 1168.
The affidavit in the case at bar set forth clearly that Ashcraft had been twice previously convicted of violating § 63-11-30(1). It failed, however, to charge the gravity and seriousness of each successive violation of the statute, i.e., it did not allege that Ashcraft was ever tried for and convicted of a second offense under § 63-11-30(2)(b) after having been convicted of a first offense as provided in § 63-11-30(2)(a).
Although the Page case involved a fourth offense felony while the present case involves a third offense misdemeanor, we find no meaningful distinction between the two insofar as the information constitutionally required in both a felony indictment as well as a misdemeanor affidavit. See Lay v. State, 310 So.2d 908, 910 (Miss. 1975), ["Under our practice, if enhanced punishment is sought, the indictment or affidavit must include both the principal charge and a charge of previous convictions and both charges proved before punishment may be enhanced."]
The Uniform Traffic Ticket serving in this case as the charging affidavit was insufficient to charge anything other than a repeat first offense misdemeanor. We, therefore, reverse Ashcraft's conviction of DUI, third offense; affirm the conviction as DUI first offender; and remand to the trial court for Ashcraft to be resentenced as a first offender consistent with this opinion.
ASHCRAFT'S CONVICTION OF DUI, THIRD OFFENSE, IS REVERSED AND RENDERED AND THE CASE IS REMANDED *1213 TO THE COUNTY COURT OF RANKIN COUNTY FOR RESENTENCING AS A FIRST OFFENDER CONSISTENT WITH THIS OPINION.
HAWKINS, C.J., and DAN M. LEE, PRATHER, P.JJ., and McRAE, J., concur.
BANKS, J., dissents with separate written opinion joined by PITTMAN and ROBERTS, JJ.
SMITH, J., not participating.
BANKS, Justice, dissenting:
For the reasons expressed in my dissent in Page v. State, 607 So.2d 1163 (Miss. 1992), I dissent.
PITTMAN and ROBERTS, JJ., join this dissent.