# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KA-00146-SCT

*JERRY McILWAIN, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/27/95 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | C. GRANT HEDGEPETH |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT FLYNN |
| DISTRICT ATTORNEY | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 8/7/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/29/97 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE AND FACTS

¶1. Jerry McIlwain, Jr. appeals his 1995 felony conviction in the Circuit Court of Wayne County, Mississippi of driving under the influence of intoxicating liquor in violation of **Miss. Code Ann.** §63-11-30 (2)(c) (1972). The issues on appeal, rephrased, are as follows:

### ISSUES

*1) Did the trial court err in overruling Defendant's Motion to Quash the Indictments?*

*2) Did the trial court err in allowing a blank Waiver of Rights and Entry of Guilty Plea to be admitted into evidence as proof of a Second Offense conviction of D.U.I.?*

*3) Did the trial court err in accepting into evidence testimony of Officer Brooks?*

*4) Did the trial court err in accepting into evidence Intoxilyzer results without proper predicate?*

*5) Did the trial court err in overruling Defendant's Motion for Directed Verdict?*

*6) Did the trial court err in granting State's Jury Instruction S-1?*

*7) Did the trial court err in denying Defendant's Peremptory Jury Instruction D-1?*

*8) Did the trial court err in overruling Defendant's Motion for Judgment Notwithstanding the Verdict, or the alternative, for a New Trial?*

## DISCUSSION

*1) Did the trial court err in overruling Defendant's Motion to Quash the Indictments?*

¶2. McIlwain asserts that the indictment for D.U.I. Third Offense failed to allege the requisite essential elements of the offense. **Miss. Code Ann.** § 63-11-30 (2) (1995) provides for increased penalties for subsequent convictions as follows:

> (1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; (c) has ten one-hundredths percent (.10%) or more by weight volume of alcohol in person's blood or urine administered as authorized by this chapter; or (d) is under the influence of any drug or controlled substance, the possession of which is unlawful under the Mississippi Controlled Substances Law.

> (2)(c) For any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony and fined not less that Two Thousand Dollars ($2,000.00) nor more than Five Thousand Dollars ($5,000.00) and shall be imprisoned not less than one (1) year nor more than five (5) years in the State Penitentiary. . . .

**Miss. Code Ann.** § 63-11-30.

¶3. On July 2, 1993, the Wayne County Grand Jury returned the following indictment:

> The Grand Jury for the State of Mississippi, taken from the body of good and lawful men and women of Wayne County, in the State of Mississippi, elected, impaneled, sworn, and charged to inquire in and for said county, in the state aforesaid, in the name and by the authority of the State of Mississippi upon their oaths present that:

> JERRY MCILWAIN

> did in said county, wilfully, unlawfully, feloniously and knowingly, on or about the 2nd day of July, 1993, operate a motor vehicle while under the influence of intoxicating liquor, having taken the breath test and registered .187 on the intoxilyzer-alcohol analyzer. FURTHER that this Defendant has been convicted of D.U.I. 1st and D.U.I. 2nd, making this a 3rd or subsequent offense (SEE EXHIBIT "A" FOR PRIOR CONVICTIONS) in violation of

Mississippi Code Annotated Section 63-11-30 2 (c) (1972), and contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

Attached to the indictment were copies of the Abstract of Court Records for McIlwain's convictions of D.U.I. First and D.U.I. Second.

¶4. In *Page v. State*, 607 So. 2d 1163, 1168 (Miss. 1992), we held that "each prior conviction is an element of the felony offense, and each must be specifically charged." *Page*, 607 So. 2d at 1168. Page was charged with felony D.U.I. in violation of **Miss. Code Ann.** § 63-11-30 (2)(d). The indictment listed five previous charges, the cause numbers, and when and where they occurred. However, the indictment failed to specify whether the previous convictions were for D.U.I. First, Second, or Third. *Page*, 607 So. 2d at 1165.

¶5. This court, following the strict statutory analysis engendered by the "whiskey" cases[1] from the 1940's, found that each subsection of the D.U.I. statute constituted a separate offense. *Page*, 607 So. 2d at 1168-69. Lacking specific charges of prior convictions for second and third offense D.U.I., this Court stated that "[f]or all we know, Page was convicted and punished as a first offender under § 63-11-30 (2)(a) each and every time." *Id.*

¶6. Prior to *Page*, in *Benson v. State*, 551 So. 2d 188, 196 (Miss. 1989), we also addressed the validity of an indictment to impose enhanced penalties. This Court stated that the purpose of the specific listing of previous convictions is to "supply enough information to the defendant to identify with certainty the prior convictions relied upon by the State for enhanced punishment." *Benson*, 551 So. 2d at 196. *Page* went further and stated:

> . . . the gravity and seriousness of each successive violation of the statute, i.e., second, third, fourth and fifth were not charged after the first offense. Therefore, Page was not made aware that his continued violations increased in punishment for the offense, and that he eventually, by his continued violations, could face a felony sentence.

*Page*, 607 So. 2d at 1169.

¶7. We have since followed the *Page* decision in *Ashcraft v. City of Richland*, 620 So. 2d 1210, 1211 (Miss. 1993). The *Ashcraft* indictment was as follows:

> [t]hat said person had previously been convicted of a violation of Section 63-11-30 (1), Miss. Code Ann. (1972) 2nd time(s) and that said person is being charged as a 3rd offender within five (5) years, under Section 63-11-30 (1), Miss. Code Ann. (1972); against the peace and dignity of the State of Mississippi.

*Ashcraft*, 620 So. 2d at 1211-12. We found the indictment fatally defective stating that it "failed, however, to charge the gravity and seriousness of each successive violation of the statute, i.e., it did not allege that Ashcraft was ever tried for and convicted of a second offense. . . ." *Id.*

¶8. Today we find unwarranted our prior application of the "Whiskey" cases to our D.U.I. enhanced punishment statutes. We find more persuasive the rational and well reasoned analysis of Justice Banks as stated in his dissent to *Page*:

[t]here is no explicit requirement [in the statute] that the offender be punished as a third offender before he is punished as a fourth or subsequent offender. It is only necessary that the defendant have been convicted of three previous offenses.

*Page*, 607 So. 2d at 1170-71 (Banks, J., dissenting). The *Page* majority's interpretation of legislative will was overreaching and unwarranted. As Justice Banks stated, "It takes no great draftsman to have defined a third offender as one who has been subjected to punishment as a second offender and a fourth offender as one who has been subjected to punishment as a third offender." *Id.* (Banks, J., dissenting).

¶9. Today we specifically overrule *Page v. State*, 607 So. 2d 1163 (Miss. 1992) and *Ashcraft v. City of Richland*, 620 So. 2d 1210 (Miss. 1993) to the extent that they interpret the statute to require that the indictment must specifically show a previous conviction for D.U.I. First prior to being convicted for D.U.I. Second and a conviction of D.U.I. Second prior to being convicted for D.U.I. Third. The obvious intent of this statute is to remove repeat D.U.I. offenders from our streets. This goal will be better accomplished by simply reading the clear language of the statute.[(2)]

¶10. Therefore, it is irrelevant whether McIlwain had been charged with a D.U.I. First and a D.U.I. Second. However, as required by *Benson v. State*, 551 So. 2d 188, 196 (Miss. 1989), the indictment must still "supply enough information to the defendant to identify with certainty the prior convictions relied upon by the State for enhanced punishment." *Benson*, 551 So. 2d at 196. The attached abstracts of records state clearly that McIlwain had pleaded guilty and been convicted on two prior occasions, June 6, 1992 and April 24, 1993. Such proof complies with *Benson*. Further, the attachment of the abstracts provide a clear and concise statement of the charges as required by both the D.U.I. indictment case law and the Rules of Circuit Court Practice.

¶11. The indictment clearly gave the defendant sufficient notice of the gravity of the charge against him. We therefore affirm the trial court's refusal to quash the indictment.

### 2) *Did the trial court err in allowing a blank Waiver of Rights and Entry of Guilty Plea to be admitted into evidence as proof of a Second Offense conviction of D.U.I.?*

¶12. McIlwain asserts that the State failed to prove his conviction of D.U.I. Second. In attempting to prove the conviction, the State presented an abstract of McIlwain's prior court record with an attached blank waiver of rights and entry of guilty plea form. At trial, Stephanie West, Wayne County Court Clerk, testified to the accuracy of the abstracts.

¶13. **Miss. Code Ann.** § 13-1-77 and M.R.E. 1005 specifically provide that abstracts of records are admissible to prove prior convictions. As stated in *DeBussi v. State*, 453 So. 2d 1030, 1031 (Miss. 1984):

Mississippi's position on proof of prior convictions respects the substance of the best evidence rule: If the actual judgment of conviction is not introduced, it may only be proved by documents accorded equivalent evidentiary weight by statute.

We have regularly upheld sentences under the habitual criminal statutes where the proof of prior convictions was made by certified copies of the judgments of conviction. *Baker v. State*,

394 So. 2d 1376 (Miss. 1981); ***Jackson v. State***, 418 So. 2d 827 (Miss. 1982); ***Crawley v. State***, 423 So. 2d 128 (Miss. 1982). This accords with the basic principle that the best evidence of a conviction is the judgment of conviction. ***McGowan v. State***, 269 So. 2d 645 (Miss. 1972); ***Brown v. State***, 222 Miss. 863, 77 So. 2d 694 (1955).

***Debussi***, 453 So. 2d at 1031.

¶14. Abstracts of court records, when properly certified, are clearly allowed to prove prior convictions. The introduction of the blank waiver of rights and entry of guilty plea form is irrelevant to the proof of the prior Second offense for D.U.I. We find no substance to this issue.

### 3) Did the trial court err in accepting into evidence the intoxilyzer results?

### 4) Did the trial court err in accepting into evidence intoxilyzer results without proper predicate?

¶15. In the case *sub judice*, the State presented the testimony of Officer Danny Brooks to show that the results of the intoxilyzer were accurate. Officer Brooks testified that he was "certified with the crime lab in the State of Mississippi to run a simulator test on the intoxilyzer to certify the calibration on it." McIlwain objected to Brooks' testimony stating that "[t]here should be a certificate filled out showing where he certified the machine." The trial court overruled McIlwain's objection and allowed Brooks to testify from his own knowledge. At the close of Brooks' testimony, McIlwain moved to strike Brooks' testimony for failure to produce the original certificate for certification of the machine and the officer.

¶16. McIlwain asserts that the State failed to lay the proper predicate for the admission of the intoxilyzer test results. Rephrased, this issue is identical to that addressed in ***Johnston v. State***, 567 So. 2d 237, 238 (Miss. 1990).

> **A. Whether the court abused its discretion in ruling that a sufficient predicate had been laid for the admission of the intoxilyzer results.**

¶17. As stated in ***Johnston***;

> The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused. ***Hentz v. State***, 542 So. 2d 914, 917 (Miss. 1989), ***Monk v. State***, 532 So. 2d 592, 599 (Miss. 1988). The discretion of the trial court must be exercised within the boundaries of the Mississippi Rules of Evidence.

> Under ***M.R.E. 901***, authentication and identification are conditions precedent to admissibility. Generally these serve simply to establish that a matter is what it is claimed to be. However in the illustrations listed for Rule 901, a process or a system may be authenticated or identified when it is shown that the process or system is used to produce a result and that it produces an accurate result. ***901 (b)(9) Miss. Rules of Evidence.***

> A chemical analysis of a person's breath, blood, or urine is deemed valid only when performed according to approved methods; performed by a person certified to do so; and performed on a machine certified to be accurate. Certification of the machines must take place at least quarterly. ***Miss. Code Ann. 63-11-19 (1972).*** These safeguards insure a more accurate result in the

gathering of scientific evidence through intoxilyzers and are strictly enforced. Where one of the safeguards is deficient the State bears the burden of showing that the deficiency did not affect the accuracy of the result. *Gibson v. State*, 458 So. 2d 1046, 1047 (Miss. 1984).

*Johnston v. State*, 567 So. 2d 237, 238 (Miss. 1990).

¶18. *Johnston* sets forth the following three prong test for laying the predicate prior to admitting the results of a D.U.I. test. The court must determine whether the 1) proper procedures were followed, 2) whether the operator of the machine was properly certified to perform the test, and 3) whether the accuracy of the machine was properly certified. *Johnston*, 567 So. 2d at 238. The *Johnston* requirements are based on **Miss. Code Ann.** § 63-11-19 (1996) which sets forth the following:

> The State Crime Laboratory shall make periodic, but not less frequently than quarterly, tests of the methods, machines or devices used in making chemical analysis of a person's breath as shall be necessary to ensure the accuracy thereof, and shall issue its certificate to verify the accuracy of the same.

*Id.*

¶19. This Court has not yet addressed specifically what is meant by a "certificate." In *Johnston*, Highway Trooper Thompson testified "that the intoxilyzer was calibrated every month." We stated that "Trooper Thompson's testimony notwithstanding, the State did not produce any evidence that the machine was properly certified and made no effort to meet its burden that even if the intoxilyzer was not properly certified the deficiency did not affect the accuracy of the test." *Johnston*, 567 So. 2d at 239. In the instant case, unlike in *Johnston*, immediately following the defendant's motion to strike, the State reopened Officer Brooks' testimony and introduced the certification of the intoxilyzer.

¶20. In *Monroe v. State*, 515 So. 2d 860, 868 (Miss. 1987), we defined a "certified copy" as "[a] copy of a document or record, signed and certified as a true copy by the officer to whose custody the original in intrusted." *Monroe v. State*, 515 So. 2d at 868 (quoting *Black's Law Dictionary*, 207 (5th Ed. 1979)). To certify is "[t]o authenticate or vouch for a thing in writing. To attest as being true as represented." *Id.*

¶21. As stated by [M.R.E. 901 (b)(7)](), "evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept" is admissible to prove what the proponent claims.

¶22. The State clearly met the requirement for admission of the certificate of accuracy for the intoxilyzer. That is not to say, however, that the State is required to present the testimony and allow cross-examination of the calibrating officer, a misunderstanding of the law which may have been engendered by our recent decision in *Young v. City of Brookhaven*, 693 So. 2d 1355 (Miss. 1997). Rather, the State must present the testimony and allow cross-examination of the calibrating officer only in the absence of the certification of the intoxilyzer or where there is a genuine issue as to the authenticity of the certification, which, as stated above, may normally be authenticated by the method set out in Rule 901(b)(7). We find that this assignment of error is without merit.

*5) Did the trial court err in overruling Defendant's Motion for Directed Verdict?*

*6) Did the trial court err in granting State's Jury Instruction S-1?*

*7) Did the trial court err in denying Defendant's Peremptory Jury Instruction D-1?*

*8) Did the trial court err in overruling Defendant's Motion for Judgment Notwithstanding the Verdict, or the alternative, for a New Trial?*

¶23. The remaining issues are all based on the State's perceived failure to present their case in chief. McIlwain asserts that:

> without the properly laid predicate for introduction of the intoxilyzer test results, i.e. the proof of certification of Officer Danny Brooks to test calibration, proof of certification of calibration of the machine at least quarterly, proof of certification of the Officer Todd McCaskey to operate the machine, and further without the original documentation of the test results, the breath test results should not have been allowed into evidence.

We find no validity to this argument. As stated above, the State proved the elements for enhanced D.U.I. punishment. Therefore, McIlwain was not entitled to a directed verdict, a peremptory instruction, judgment notwithstanding the verdict, or a new trial. Therefore, this Court finds no grounds for these issues.

¶24. Furthermore, jury instruction S-1 was a clear and concise statement of D.U.I. law. However, McIlwain asserts that it does not conform to the required proof. As stated above, the State clearly proved all required elements of D.U.I. Third. Therefore, instruction S-1 was proper. We find no grounds for reversal on this issue.

## CONCLUSION

¶25. We find no merit in the errors suggested by the appellant. The State must only prove two prior D.U.I. convictions to enforce the enhanced punishment allowed under our D.U.I. statute. In so holding, we specifically overrule the holdings of ***Page v. State***, 607 So. 2d 1163 (Miss. 1992) and ***Ashcraft v. State***, 620 So. 2d 1210 (Miss. 1993) to the extent that the defendant must be punished as a second time offender prior to being punished as a third time offender. We find the only relevant consideration to be the number of previous convictions, not the degree of punishment imposed. The State clearly met this burden through the introduction of the abstracts of the previous convictions.

¶26. Finding no merit among McIlwain's assignments of error, we affirm his conviction and sentence.

**¶27. CONVICTION OF FELONY D.U.I. AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR (4) YEARS SUSPENDED AND FIVE (5) YEARS SUPERVISED PROBATION AFFIRMED**.

**PRATHER, P.J., PITTMAN, BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J. AND SULLIVAN, P.J.**

**McRAE, JUSTICE, DISSENTING:**

¶28. I disagree with the majority's decision to overrule *Page v. State,* 607 So. 2d 1163 (Miss. 1992) and *Ashcraft v. City of Richland,* 620 So. 2d 1210 (Miss. 1993). As shown by McIlwain's sentence of five years in the custody of the MDOC with four years suspended and five years of supervised probation, a felony conviction for driving under the influence pursuant to Miss. Code Ann. § 63-11-30 (2)(c) is a serious matter. The indictment, therefore, should enumerate prior misdemeanor DUI convictions with the same specificity with which other criminal indictments are required to detail the elements of the offense charged. Accordingly, I dissent.

¶29. In *Page*, we recognized that when a DUI is charged under § 63-11-30(2)(c), "each prior conviction is an element of the felony offense, and each must be specifically charged." *Page,* 607 So. 2d at 1168. Analogizing the graduated offense and penalty scheme of our shoplifting and "whiskey" cases to the Implied Consent statute, we explained in *Page* that:

> . . . the Implied Consent Law, Miss. Code Ann. § 63-11-30 (1) to (2), increases the penalty for each succeeding violation of the statute to the point where a fourth or subsequent violation may be punished as a felony. Each subparagraph of § 63-11-30(2) represents a separate crime with separate penalties. Section 63-11-30(2)(a) establishes an offense and penalty for the first conviction under subsection (1). Section 63-11-30(2)(b) establishes a second offense with its attendant, graduated penalty. Section 63-11-30(2)(c) establishes a third offense and graduated penalty, and Section 63-11-30(2)(d) establishes a fourth or felony offense and graduated penalty.

*Id.* Therefore, as distinguished from the habitual offender statute, Miss. Code Ann. § 99-19-81, which provides for enhanced sentencing for repeat offenders, § 63-11-30(2)(c) elevates the DUI offense to a felony for those previously convicted under both §§ 63-11-30(2)(a) and (b). As we further acknowledged in *Page*, prior convictions under the statute, "charged and punished as separate, subsequent offenses, are as much elements of the present felony charge as the element of driving under the influence." *Id.* at 1169.

¶30. Adherence to the standards set forth in *Page* and followed in *Ashcraft* for sufficiency of an indictment under the Implied Consent law does not contravene the statutory intent to keep habitually drunk drivers off the roads. To the contrary, its effect is two-fold. It helps insure that those charged with repeated DUI offenses are accurately charged and punished and further, that especially those ultimately charged under § 63-11-30 (2)(a) are afforded the same constitutional rights as those charged with other felonies. Accordingly, I dissent.

**LEE, C.J., AND SULLIVAN, P.J., JOIN THIS OPINION.**

1. *See, e.g., **Brewsaw v. State***, 168 Miss. 371, 151 So. 475 (1933); ***Millwood v. State***, 190 Miss. 750, 1 So. 2d 582 (1941), *aff'd*, 6 So. 2d 619 (Miss. 1942); ***Rogers v. State***, 198 Miss. 495, 22 So. 2d 550 (1945); ***McGowan v. State***, 200 Miss. 270, 25 So. 2d 131, *error overruled,* 200 Miss. 270, 26 So. 2d 70 (1946).

2. In fact, in 1994, the Legislature clarified its intent by enacting Miss. Code Ann. § 63-11-30(7) (Supp. 1996), which provides that "the indictment shall not be required to enumerate previous convictions. It shall only be necessary that the indictment state the number of times that the defendant has been convicted and sentenced within the past five (5) years under this section to determine if an enhanced penalty shall be imposed."