MOORE, J.,
for the Court:
¶ 1. Roosevelt Moore pled guilty to felony shoplifting in two separate cases and was sentenced by the Lowndes County Circuit Court to five years in the custody of the Mississippi Department of Corrections. Moore petitioned the trial court for post-conviction relief alleging that his pleas were involuntary. The trial court summarily dismissed Moore’s petition for post-conviction relief and Moore now appeals citing errors summarized as follows: (1) the circuit court erred in allowing amendment to the indictments; (2) the circuit court erred in dismissing the appellant’s petition for post-conviction relief without considering his remaining claims; (3) the indictments were insufficient to support conviction and sentence for felony shoplifting; and (4) there was no factual basis for the pleas. Finding no merit, we affirm.
I. FACTS
¶ 2. On November 12, 1998, Moore pled guilty to two separate felony shoplifting charges. The indictments in each case charged that Moore had been previously convicted of misdemeanor shoplifting on three previous occasions in Aberdeen, Mississippi. The indictments listed the docket numbers and dates of each of the three previous shoplifting convictions and listed the punishment Moore received for each conviction. On the date of the plea, the State moved to amend the indictments to change the place of the prior shoplifting convictions from Aberdeen to Columbus. The indictments were also amended to reflect that Moore was sentenced to sixty *161 days in prison for the second shoplifting conviction instead of six. Moore did not object to these requested changes. The indictment in cause number 98-416 was further amended to charge Moore as an habitual felony offender since he had been convicted of two prior felonies (burglary and embezzlement) in addition to the misdemeanor shoplifting convictions. The trial court allowed Moore to remain free on bond between the date of his pleas and the date of his sentencing. While out on bond, Moore was arrested for another shoplifting offense.
I. DID THE CIRCUIT COURT ERR IN ALLOWING AMENDMENT TO THE INDICTMENTS?
¶ 3. “If it plainly appeal’s from the face of the [PCR] motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.” Miss.Code Ann. § 99-39-11(2) (Supp.1999). We review the record de novo to determine whether Moore has failed to demonstrate a proeedurally valid claim which substantially shows that he was denied a state or federal right. Young v. State, 731 So.2d 1120 (¶ 9) (Miss.1999). Our de novo review of the record reveals that Moore has not demonstrated a proeedurally valid claim.
¶ 4. Amendments to indictments are permissible if the amendment does not (1) materially alter the essential facts of the offense, or (2) materially alter a defense that the defendant had under the original indictment. Greenlee v. State, 725 So.2d 816 (¶ 10) (Miss.1998). “The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made.” Id. The prior misdemeanor shoplifting convictions were identified in the indictments by case number, docket number, sentence imposed, and date of sentencing. The amendments simply changed the place of the prior shoplifting convictions and the punishment that Moore incurred for the second shoplifting conviction. The amendments did not materially alter either the essential facts of the felony shoplifting charges nor did they materially alter any defense Moore had to felony shoplifting. The amendments were not substantive; therefore, they were permissible.
¶ 5. Additionally, Moore waived the defects regarding the incorrect city name and the incorrect sentence of the prior misdemeanor shoplifting charge by pleading guilty. A guilty plea waives all defects to an indictment with two exceptions: (1) failure to charge an essential element of a criminal offense and (2) subject matter jurisdiction. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). We note that'on the date that the trial court sentenced Moore for the felony shoplifting convictions, Moore’s counsel objected to the State’s motion to amend the indictments to charge Moore as an habitual offender but did not object to the amendments about which he now complains.[1] Even had he objected to the amendments, the location of the underlying misdemeanor shoplifting convictions was not an essential element of felony shoplifting, especially given that the prior convictions were otherwise precisely identified.
¶ 6. Moore also complains that the indictments were amended on December 2, 1998, after he plead guilty on November *162 28, 1998. As stated earlier, the amendments were as to form only and the defects to the indictments were waived by the guilty plea. This assignment of error is without merit.
II. DID THE CIRCUIT COURT ERR IN DISMISSING THE APPELLANT’S PETITION FOR POST-CONVICTION RELIEF WITHOUT CONSIDERING HIS REMAINING CLAIMS?
¶ 7. As stated above, our de novo review of the record reveals that Moore failed to present a procedurally valid claim. The circuit court did not, therefore, err in summarily denying Moore’s petition for post-conviction relief without specifically addressing all of his claims in the order.
III. WERE THE INDICTMENTS INSUFFICIENT TO SUPPORT MOORE’S CONVICTION AND SENTENCE FOR FELONY SHOPLIFTING?
¶8. Miss.Code Ann. § 97-23-93 (Rev. 1994) delineates a graduated punishment scheme for successive shoplifting convictions. The first two shoplifting convictions are considered misdemeanors, but the punishment for the second conviction is more severe than for the first. Miss.Code Ann. § 97-23-93(6) (Rev.1994) states: “Upon a third or subsequent shoplifting conviction the defendant shall be guilty of a felony.... ” In the indictments charging Moore with felony shoplifting, the prior misdemeanor shoplifting convictions were listed but were not specifically designated as a first, second, or third shoplifting convictions. Moore argues that this lack of specific designation renders the indictments fatally defective to charge him with felony shoplifting.
¶ 9. Our supreme court has examined similar statutory schemes involving graduated penalties for successive convictions. In a line of cases collectively known as the “whiskey” cases, the supreme court examined the statute which made possession of intoxicating liquor illegal. Like the shoplifting statute involved in the case sub judice, the first two offenses under the statute were misdemeanors. A third offense under the statute would be charged as a felony. In Brewsaw v. State, 168 Miss. 371, 151 So. 475, 476 (1933) the court held that the first two convictions under the statute were essential elements of the felony and “without them there is no felony; they are just as much a part of the felony as the unlawful possession of the liquor.” Id. In Millwood v. State, the court held:
[W]hen the accused is being prosecuted for a felony or third offense, the indictment must charge and the proof must show (1) that the accused had been convicted of a first offense, and (2) that after being convicted of the first offense he committed the second offense and was convicted of it as such, and (3) after the successive offenses and convictions in the order aforesaid, he committed the third or felonious offense.
Millwood v. State, 190 Miss. 750, 755-56, 1 So.2d 582, 583 (1941). In Miles v. State, 51 So.2d 214, 215 (Miss.1951), the court held: “Unless an accused is charged as a subsequent offender, any number of offenses may be treated as first offenses. A second offense within the meaning of the statute must have been committed after conviction of a prior offense, and a third offense after conviction of a second offense. Moreover, the accused must be charged as a second or third offender....”
¶ 10. In Burnett v. State, 285 So.2d 783 (Miss.1973), the court applied the rationale of the “whiskey” cases to the shoplifting statutory scheme. Burnett had been charged with felony shoplifting. The indictment alleged that he had been thrice *163 convicted of shoplifting but did not specifically state that he had been convicted of a second offense shoplifting. The court found that “under the indictment the defendant was not charged with a felony for which he could be sentenced to the penitentiary.” Id. at 785. The court reversed and instructed the trial court to sentence Burnett as a second offender. Id. at 786.
¶ 11. In Page v. State, 607 So.2d 1163 (Miss.1992), the supreme court applied the “whiskey” cases and Burnett to the D.U.I. statutory scheme. After a thorough summary of the “whiskey” cases and Burnett, the court concluded: “Simply being charged under the same statute ‘for a third time’ after ‘having been twice convicted’ does not charge a felony, according to Millwood and Rogers.” Id. at 1167. Each prior conviction is an element of the felony; thus, failure of the indictment to specifically charge that Page had been convicted of a first offense and thereafter of a second and third offense under the D.U.I. statute fails to allege the requisite elements of the felony. Id. at 1168.
¶ 12. Justice Banks criticized the reasoning of the Page majority in his dissent as follows: “If our laws regarding intoxicants, of which alcohol is but one, deserve any respect, we must interpret them according to their tenor and not create escape hatches for offenders.” Id. at 1170. Justice Banks insisted that the D.U.I. statute did not explicitly require that a defendant be punished as a third offender before he could be punished as a fourth offender. Justice Banks thought it “only necessary that the defendant have been convicted of three previous offenses.” Id.
¶ 13. Justice Banks’s dissent in Page obviously struck a chord with the supreme court because in 1997 the court overruled Page to the extent that it interpreted the D.U.I. statute as requiring enumeration of the prior convictions before a felony could be charged. McIlwain v. State, 700 So.2d 586 (¶ 9) (Miss.1997). The court reasoned: “The obvious intent of this statute is to remove repeat D.U.I. offenders from our streets. This goal will be better accomplished by simply reading the clear language of the statute.” Id. The court noted in a footnote that the legislature had “clarified its intent” by amending the D.U.I. statute to provide that the indictment need not enumerate previous convictions before charging a felony. Id. at 589 n. 2.
¶ 14. While the shoplifting statute has not been amended, the only logical conclusion we may draw from the Mcll-wain decision is that enumeration of prior convictions in statutory schemes containing graduated penalties for successive convictions is contrary to legislative intent. The clear language of the shoplifting statute designates a third or subsequent shoplifting conviction as a felony. Like the D.U.I. statute, the shoplifting statute does not require successive convictions to receive a numerical designation before a felony may be charged. Under the authority of Mcllwain, the indictments in the case sub judice were not fatally flawed for failing to enumerate Moore’s prior shoplifting convictions. This assignment of error is without merit.
IV. WAS THERE A FACTUAL BASIS FOR THE PLEAS AND DID THE CIRCUIT COURT FAIL TO MAKE THE MANDATED DETERMINATION THAT THERE WAS A FACTUAL BASIS FOR THE PLEAS?
¶ 15. URCCC 8.04(a)(3) requires the trial court to determine “that the plea is voluntarily and intelligently made and that there is a factual basis for the plea.” Further, the trial court’s finding that the defendant’s guilty plea was voluntarily and intelligently made must appear in the record. Id. The trial court in the case sub *164 judice made its finding that Moore’s pleas were voluntarily and intelligently made on the record. Moore argues that the trial court “failed to make the mandated determination that there was a factual basis for the plea.”
¶ 16. We “must review the record as a whole to determine whether a factual basis existed to support the plea.” Austin v. State, 734 So.2d 234 (¶ 10) (Miss.Ct.App. 1999). The plea colloquy reflects that the trial court inquired into the factual circumstances surrounding the shoplifting offenses with which Moore was charged. Specifically, the trial court enumerated the items which Moore was accused of shoplifting and asked Moore if he took the items without paying for them. Moore responded affirmatively; thus, there was “an evi-dentiary foundation in the record which is ‘sufficiently specific to allow the court to determine that the defendant’s conduct was within the ambit of that defined as criminal.’ ” Id. at (¶ 7) (quoting Lott v. State, 597 So.2d 627, 628 (Miss.1992)). In other words, there was a factual basis for Moore’s pleas. This assignment of error is without merit.
¶ 17. JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING APPELLANT’S PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.

. On appeal, Moore does not challenge the habitual offender portion of the amendment to the indictment in case number 98-416.