SOUTHWICK, P.J.,
for the court.
¶ 1. Gregory Taylor was found guilty of felony shoplifting by a circuit court jury and sentenced as an habitual offender. Taylor appeals arguing that the indictment was defective and that the jurors’ handwritten form of verdict was insufficient to *340 find him guilty of a felony. We find Taylor’s arguments lack merit. Accordingly, we affirm.
STATEMENT OF THE FACTS
¶ 2. On October 29, 2000, Gregory Taylor entered a grocery store in Waynesboro. One of the store’s cashiers immediately notified the manager, Hal Odom, that Taylor had arrived. Odom, who had previously asked Taylor not to return unless he intended to buy something, secreted himself at a vantage point from which he could observe Taylor. The unwitting Taylor proceeded to the meat counter. Taylor took two or more packages of meat and stuffed them into his pants. He then paid for a drink and exited the premises. Odom first notified police and then confronted Taylor outside the store. Odom reached for Taylor’s baggy shirt to reveal the stolen goods. Taylor swatted Odom’s hand away, threatened to sue, and ran away when informed of the police’s imminent arrival.
¶ 3. Taylor was indicted and convicted of felony shoplifting. This is his appeal.
DISCUSSION
1. Flaws in the indictment
¶ 4. The crime of shoplifting is a misdemeanor unless the accused is a sufficient recidivist. The statute is long. We omit the portions defining the offense itself. What is relevant for this appeal are the sentencing sections on taking property of less than $250 in value.
(5) A person convicted of shoplifting merchandise for which the merchant’s stated price is less than or equal to Two Hundred Fifty Dollars ($250.00) shall be punished as follows:
(a) Upon a first shoplifting conviction the defendant shall be guilty of a misdemeanor and fined not more than Seven Hundred Fifty Dollars ($750.00), or punished by imprisonment not to exceed thirty (30) days, or by both such fine and imprisonment.
(b) Upon a second shoplifting conviction the defendant shall be guilty of a misdemeanor and fined not more than One Thousand Dollars ($1,000.00) or punished by imprisonment not to exceed ninety (90) days, or by both such fine and imprisonment.
(6) Upon a third or subsequent shoplifting conviction the defendant shall be guilty of a felony and fined not more than One Thousand Dollars ($1,000.00), or imprisoned for a term not exceeding five (5) years, or by both such fine and imprisonment....
(8) In determining the number of prior shoplifting convictions for purposes of imposing punishment under this section, the court shall disregard all such convictions occurring more than seven (7) years prior to the shoplifting offense in question.
Miss.Code Ann. § 97-23-93 (Rev.2000).
¶ 5. Taylor had earlier been convicted of four separate shoplifting offenses. The first two convictions were in January and March 1994, and were charged as misdemeanors. The next two on May 5, 1998, and on March 14, 2000, resulted in felony shoplifting convictions.
¶ 6. Taylor’s present indictment referenced the prior two felony shoplifting convictions on an exhibit to the indictment. The exhibit did not just list the former convictions, but they appeared in a form for indicating prior convictions for habitual offender status under Mississippi Code section 99-19-81. That statute provides that if a person has been previously convicted of two felonies growing out of separate incidents at different times, and sentenced to separate terms of incarceration *341 of at least one year each, then later convictions must result in the maximum term of imprisonment for the offense, to be served without reduction or parole. Miss. Code Ann. § 99-19-81 (Rev.2000). Taylor’s two prior convictions were each said to be for “felony shoplifting,” a crime that itself requires two other prior convictions for shoplifting.
¶ 7. What was stated on the first page of the indictment used phrasing for multiple shoplifting crimes and addressed the general habitual offender statute. After describing the details of the then-latest shoplifting, the indictment’s first page stated this:
This offense having followed the shoplifting 2nd and the shoplifting 2d having followed the shoplifting 1st and all prior shoplifting convictions being a violation of 97-23-93 MCA (see exhibit “A” for prior convictions)
This defendant, eighteen (18) years of age or over or having been certified as an adult, having been previously convicted of at least two (2) felony convictions arising out of separate transactions and separate occurrences, and having been sentenced to serve at least one (1) year with a state or federal penal institution, the State is seeking sentencing pursuant to M.C.A. Section 99-19-81. (See attached exhibit “A” incorporated herein) in violation of Section 97-23-93....
¶ 8. Three issues arise from this. First, since Taylor was being charged with his third felony shoplifting, could the State use the general habitual statute and seek the maximum sentence for felony shoplifting and for it to be served without reduction or parole? For felony shoplifting, the sentence is not to be more than five years’ imprisonment and a $1,000 fine. Miss. Code Ann. § 97-23-93(6) (Rev.2000). We find nothing in the language of the shoplifting statute nor in this habitual offender statute that prevents conviction of a third felony shoplifting from having the normal maximum sentencing rules apply. No error exists in Taylor’s being charged as a habitual offender.
¶ 9. The second issue is whether a description in the indictment was needed of the underlying misdemeanor convictions that predated all three felony charges. Taylor was being accused of his fifth shoplifting offense. Shoplifting cannot be a felony unless there have been at least two prior shoplifting convictions within seven years. The plain language of the statute does not require that misdemeanor shoplifting convictions have occurred within that time.
¶ 10. This is the operative statutory language:
(6) Upon a third or subsequent shoplifting conviction the defendant shall be guilty of a felony and fined not more than One Thousand Dollars ($1,000.00), or imprisoned for a term not exceeding five (5) years, or by both such fine and imprisonment....
(8) In determining the number of prior shoplifting convictions for purposes of imposing punishment under this section, the court shall disregard all such convictions occurring more than seven (7) years prior to the shoplifting offense in question.
Miss.Code Ann. § 97-23-93 (Rev.2000) (emphasis added). Subpart (6) provides that the third “or subsequent shoplifting conviction” will be a felony. Subpart (8) provides that in order to determine the number of “prior shoplifting convictions”— statutory language that does not limit the prior convictions to misdemeanors — only those within the stated time frame may be considered.
¶ 11. An indictment is to state each element of the offense charged. Pe *342 terson v. State, 671 So.2d 647, 654 (Miss.1996). There is no necessary element of felony shoplifting that the person have been convicted of two misdemeanor shoplifting offenses within the preceding seven years. Two prior felony shopliftings will do as well. In a hearing on pre-trial motions, the State offered to amend the indictment to include the earlier misdemeanor convictions. Judge Larry Roberts denied the motion based on the objection that this would be a substantive change rather than one in form. Still, the court found that the convictions listed were adequate to support this felony shoplifting conviction. The trial judge captured the precise defect in Taylor’s reasoning when he stated that “to conclude that a defendant who has two prior felony shoplifting convictions cannot be guilty of another felony shoplifting conviction without first having two more misdemeanors in the meantime is ludicrous.”
¶ 12. There is yet another perspective on the indictment, and that forms Taylor’s third issue. He wishes us to apply the principles developed for the offense of driving under the influence, an offense which employs a similar escalating penalty statutory scheme. Until recently the Supreme Court held that “each prior [DUI] conviction is an element of the felony offense, and each must be specifically charged.” Ashcraft v. City of Richland, 620 So.2d 1210, 1212 (Miss.1993). A ritualistic recitation was necessary — the first offense had to be described and specifically labeled “DUI first offense,” and then the second offense similarly described and labeled. If any misstep in the presentation occurred, the flawed indictment could only support conviction for a misdemeanor. Id.
¶ 13. Taylor recognizes that Ashcraft has been overruled. Mcllwain v. State, 700 So.2d 586, 589 (Miss.1997). Taylor suggests that what caused this awkward pleading rule for drunk driving to be abandoned was a statutory change. See Miss. Code Ann. § 63-11-30(8) (Supp.2001). In fact, the Mcllwain opinion noted the statutory change, not yet in effect for Mcll-wain’s conviction, only after holding that the simplification of the indictment requirement was mandated by the clear language of the unamended statute. Id. at 589 & 589 n. 2.
¶ 14. This Court earlier considered this exact question. “While the shoplifting statute has not been amended, the only logical conclusion we may draw from the Mcllwain decision is that enumeration of prior convictions in statutory schemes containing graduated penalties for successive convictions is contrary to legislative intent.” Moore v. State, 781 So.2d 159, 163 (Miss.Ct.App.2000). Therefore, we find that the indictment did not have to identify one of the prior convictions as the first shoplifting offense and another as the second.
¶ 15. The indictment needed to allege that Taylor had been convicted twice previously of shoplifting in order to make the current offense a felony. It also needed to show prior felony convictions in order for the habitual sentencing statute to apply. We find no error for the same prior convictions to be shown on one exhibit in order to serve both functions.
2. Flaws in the verdict form
¶ 16. A jury instruction provided that the verdict should be indicated with one of the following:
“We, the Jury, find the Defendant guilty of Felony shoplifting.”
“We, the Jury, find the Defendant not guilty.”
¶ 17. Taylor argues that the handwritten verdict returned by the jury was ambiguous: “We, jury, fine [find] defen *343 dant guilty.” At trial, Taylor argued that jurors might have wanted to find him guilty of a misdemeanor, and that the verdict form could not be corrected.
¶ 18. This jury had only one crime to consider — felony shoplifting. There was no lesser-offense instruction. The jury’s hand-written response, while not precisely conforming to the instruction given it for deliberation, nevertheless clearly demonstrated a finding of guilt. The debate over a misdemeanor that is central to this appeal in both the indictment and verdict form issues was not an issue presented to the jury. Jurors were asked to find Taylor guilty or not guilty of only one crime. They responded to the only question that they were asked by saying “guilty.”
¶ 19. What is necessary in a verdict from the jury is clarity. The jury was polled, though the trial judge merely asked whether each juror agreed that the verdict was to find the defendant guilty, i.e., the judge did not state the offense either. All jurors agreed that this was their verdict. After they were dismissed, the prosecutor asked that the verdict be conformed with the verdict form instruction, by adding the offense. Defense counsel objected, saying that the jurors might have “meant a misdemeanor.” The trial court responded that “they were not given that option. They had one option, guilty of felony shoplifting or not guilty.”
¶20. A statute recognizes that some lack of formality may unavoidably appear in jury verdicts:
No special form of verdict is required, and where there has been a substantial compliance with the requirements of the law in rendering a verdict, a judgment shall not be arrested or reversed for mere want of form therein.
Miss.Code Ann. § 11-7-157 (1972). The jury verdict was sufficient.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE AS AN HABITUAL OFFENDER TO A TERM OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. THE SENTENCE SHALL RUN CONSECUTIVELY TO ANY PREVIOUS SENTENCES. ALL COSTS OF APPEAL ARE ASSESSED TO WAYNE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.