GRIFFIS, P.J.,
for the Court:
¶ 1. Jilinda Baker was charged with first-offense driving under the influence (DUI) under Mississippi Code Annotated section 63-11-30(3) (Supp.2011). Baker’s motion for nonadjudication was granted by *242 the justice court. The Department of Public Safety determined that she was ineligible for nonadjudication of the offense because her failure to submit a proper breath sample for the Intoxilyzer 8000 test was considered a refusal to take the test. The circuit court agreed that nonadjudication was not proper. On appeal, Baker argues the circuit court erred by affirming the Department of Public Safety’s ruling to suspend Baker’s driving privileges for the breath-test refusal. We find no error and affirm.
FACTS
¶ 2. On June 19, 2010, twenty-year-old Baker was arrested and charged with first-offense DUI under section 63-11-80(3). Officer Leo Clemens conducted a field-sobriety test that included an AlcoSensor test. The AlcoSensor test showed that Baker’s blood alcohol content was .05%. Officer Clemens then transported Baker to the police station.
¶ 3. At the station, Officer Clemens informed Baker of her right to refuse the Intoxilyzer 8000 test, which would determine her blood alcohol content. Officer Clemens informed Baker that if she refused the Intoxilyzer 8000, her license would be suspended for ninety days. Further, Officer Clemens advised Baker that failing to give two sufficient breath samples would be deemed a refusal of the Intoxilyzer 8000 test. Baker attempted to blow into the machine. After attempting several times, the machine timed out and rendered the sample insufficient.
¶ 4. Baker moved for nonadjudication of first-offense DUI in the justice court. The justice court judge nonadjudicated Baker’s first-offense DUI. The Department of Public Safety later informed the justice court judge by letter that the nonadjudication was improper because Baker had refused to render a sufficient breath sample to determine her blood alcohol content.
¶ 5. Baker filed a petition to reverse the ruling of the Department of Public Safety in the circuit court, claiming she had not intended to refuse the test. At the hearing, Officer Clemens testified Baker had failed to give a sufficient sample to determine her blood alcohol content. Baker claimed that her asthma affected her ability to give a sufficient sample; however, she stated she did not have an asthma attack the night of the test. The circuit court denied Baker’s petition and affirmed the ruling of the Department of Public Safety.
ANALYSIS
¶ 6. Baker appealed the ruling of the Department of Public Safety to the circuit court under Mississippi Code Annotated section 63-11-25 (Rev.2004). Section 63-11-25 provides that the parties must proceed with a trial de novo before the circuit court. Baker put on testimony in her effort to prove that she had not intended to refuse the Intoxilyzer 8000 test. The circuit court found that she had not met her burden of proof, and the Department of Public Safety’s ruling was affirmed.
¶ 7. On appeal, Baker does not raise the issue of her refusal to render a sufficient breath sample as she did in the circuit court. She does not argue that the circuit court’s findings of fact were not supported by substantial evidence. The only issue Baker raises on appeal is whether the Department of Public Safety improperly ruled that nonadjudication was unavailable to a minor who refused the Intoxilyzer 8000 test but tested .05% on the field AlcoSensor test. Because this issue involves the application of relevant statutes, it presents a question of law, which we review de novo. Tipton v. State, 41 So.3d 679, 682 (¶ 10) (Miss.2010).
*243 ¶ 8. The Zero Tolerance for Minors Act states the following:
(3)(a) This subsection shall be known and may be cited as Zero Tolerance for Minors. The provisions of this subsection shall apply only when a person under the age of twenty-one (21) years has a blood alcohol concentration of two one-hundredths percent (.02%) or more, but lower than eight one-hundredths percent (.08%). If such person’s blood alcohol concentration is eight one-hundredths percent (.08%) or more, the provisions of subsection (2) shall apply.
[[Image here]]
(g) The court shall have the discretion to rule that a first offense of this subsection by a person under the age of twenty-one (21) years shall be nonadjudicat-ed. Such person shall be eligible for nonadjudication only once. The Department of Public Safety shall maintain a confidential registry of all cases which are nonadjudicated as provided in this paragraph. A judge who rules that a case is nonadjudicated shall forward such ruling to the Department of Public Safety. Judges and prosecutors involved in implied consent violations shall have access to the confidential registry for the purpose of determining nonadju-dication eligibility. A record of a person who has been nonadjudicated shall be maintained for five (5) years or until such person reaches the age of twenty-one (21) years. Any person whose confidential record has been disclosed in violation of this paragraph shall have a civil cause of action against the person and/or agency responsible for such disclosure.
Miss.Code Ann. § 63-ll-30(3)(a), (g).
¶ 9. Under the statute, a court has discretion to nonadjudicate a minor’s DUI only when there is evidence that his or her blood alcohol content is more than .02% and less than .08%. The Department of Safety issued a letter to the justice court judge stating: “Drivers who refuse to render a sufficient sample of his or her breath or refuse [to] submit to [the] test shall not be eligible for a non-adjudication.” Here, Baker argues the field AleoSensor test registering a .05% blood alcohol content is sufficient for her to qualify for nonadjudi-cation under section 63-ll-30(3)(a).
¶ 10. The Mississippi Supreme Court has held “[a] chemical analysis of a person’s breath, blood, or urine is deemed valid only when performed according to approved methods; performed by a person certified to do so; and performed on a machine certified to be accurate.” Mcllwain v. State, 700 So.2d 586, 590 (¶ 17) (Miss.1997) (quoting Johnston v. State, 567 So.2d 237, 238 (Miss.1990)). Mississippi Code Annotated section 63-11-19 (Supp.2011) states:
A chemical analysis of the person’s breath, blood[,] or urine, to be considered valid under the provisions of this section, shall have been performed according to methods approved by the State Crime Laboratory created pursuant to Section 45-1-17 and the Commissioner of Public Safety and performed by an individual possessing a valid permit issued by the State Crime Laboratory for making such analysis.
¶ 11. The Mississippi Crime Laboratory Implied Consent Policies and Procedures Manual Regulation 1700.200 states:
The Department of Public Safety has adopted the Intoxilyzer 5000 with the cooled detection option and the Intoxi-lyzer 8000 Mississippi Version both of which are manufactured by CMI, Inc. as the only accepted, evidentiary instruments for use in breath alcohol testing in the State of Mississippi pertaining to *244 Implied Consent laws in Mississippi Code.
(Emphasis added).
¶ 12. Section 63-11-19 explicitly states the only valid methods to determine a person’s blood alcohol content are the “methods approved by the State Crime Laboratory.” In the Crime Laboratory’s manual, the regulations indicate that the two models of the Intoxilyzer are “the only acceptable evidentiary instruments for use in breath alcohol testing in the State of Mississippi.”
¶ 13. Here, Baker did not submit a sufficient sample for the Intoxilyzer 8000 test. She was informed that failure to provide a sufficient sample would be deemed a refusal of the test. Under the Zero Tolerance for Minors Act, the court has discretion to rule the first DUI offense nonadjudicated; however, the minor must have a blood alcohol content level between .02% and .08%. The field AlcoSensor test is insufficient evidence of Baker’s blood alcohol content for nonadjudication. Accordingly, we find this issue has no merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.