## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KA-01034-SCT

*WILLIE WEAVER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/06/95 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANTHONY J. BUCKLEY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | JEANNENE T. PACIFIC |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/13/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/4/97 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. Willie Weaver was indicted by the Grand Jury of Jones County, Mississippi, on July 17, 1995, for DUI-Third offense, a felony, in violation of Miss. Code Ann. § 63-11-30 (1). Weaver was arrested on April 1, 1995, after being stopped for a traffic violation in Laurel, Mississippi. The indictment charged Weaver with driving or operating a vehicle while under the influence of an intoxicating liquor which impaired his ability to operate a motor vehicle while having a ten-hundredths percent (.10 per cent) or more by weight volume of alcohol in his blood and having two or more convictions for violating the above statute.

¶2. On September 19, 1995, a jury trial was had before the Honorable Billy Joe Landrum. A guilty verdict of Felony DUI was returned on the same day. The lower court sentenced Weaver to five years with the Mississippi Department of Corrections, with three years suspended and two years to serve. A fine of $2,000 and costs of court were also imposed.

¶3. Weaver promptly filed his Motion for New Trial with the lower court on October 4, 1995. The lower court denied this Motion by Order on October 6, 1995. From the proceedings below Weaver brings this matter before this Court on appeal raising the following:

**I. WHETHER THE COURT ERRED IN OVERRULING WEAVER'S MOTION TO DISMISS THE FELONY CAUSE ON THE GROUNDS THAT THE INDICTMENT AS READ WAS LEGALLY INSUFFICIENT TO CHARGE A FELONY.**

**II. WHETHER IT WAS ERROR TO CHARGE AND CONVICT WEAVER WITH A THIRD OFFENSE FELONY DUI WHEN THE TWO UNDERLYING MISDEMEANOR DUIS WERE BOTH ISSUED ON THE OLD UNIFORM STANDARD TICKET.**

**III. WHETHER THE REPEATED REFERENCES TO THE JURY BY THE PROSECUTION AND BY THE COURT OF WEAVER'S PRIOR UNDERLYING MISDEMEANOR DUI CONVICTIONS WARRANT A NEW TRIAL.**

¶4. In light of this Court's recent decision in *McIlwain v. State of Mississippi*, 95-KA-00146-SCT, August 7, 1997, we find the lower court did not commit error and affirm as to all issues on appeal.

## STATEMENT OF THE FACTS

¶5. On March 31, 1995, Weaver and several of his friends fished from noon until six or seven in the evening. Afterwards, the men proceeded to one of the their homes and cooked the fish. Weaver testified that he drank one beer at 6:00 p.m. and a second beer at approximately 11:45 p.m.

¶6. Although Weaver had his license suspended for two previous DUI convictions, he left his friend's house and proceeded to drive southbound on Highway 59 passing through Laurel, Mississippi. He was stopped at Boots Smith Bridge by Laurel Police Officer Robby McLaurin for weaving and traveling 72 miles per hour in a 55 miles per hour zone. McLaurin claimed as he approached the vehicle he could smell alcohol. He also testified that Weaver had slurred speech and blood shot eyes. After Weaver performed several field sobriety tests, McLaurin transported him to the Laurel Police Station. There Weaver took the CMI Intoxilyzer 5000 test and registered a .157. Weaver, who had two previous misdemeanor convictions, was later charged with third offense Felony DUI

¶7. At trial the State called Officer McLaurin to testify as to his participation in the arrest and prosecution of Weaver. The State rested after McLaurin's testimony. The defense made a Motion for Directed Verdict, which was overruled. Weaver was then called to testify in his own behalf, after which the defense rested..

¶8. The case was then received by the jury. After deliberations, the jury returned a guilty verdict of Felony DUI. The lower court sentenced Weaver to five years in the Mississippi Department of Corrections with three years suspended and two years to serve. A $2,000 fine and court costs were also assessed. Aggrieved from this finding of guilt, Weaver appealed to this Court.

## DISCUSSION OF THE ISSUES

**I. WHETHER THE COURT ERRED IN OVERRULING WEAVER'S MOTION TO DISMISS THE FELONY CAUSE ON THE GROUNDS THAT THE INDICTMENT AS READ WAS LEGALLY INSUFFICIENT TO CHARGE A FELONY.**

**II. WHETHER IT WAS ERROR TO CHARGE AND CONVICT WEAVER WITH A THIRD OFFENSE FELONY DUI WHEN THE TWO UNDERLYING MISDEMEANOR DUIS WERE BOTH ISSUED ON THE OLD UNIFORM STANDARD TICKET.**

¶9. These two issues are interrelated and will be discussed together in order to foster an efficient analysis of this appeal. Weaver asked the lower court to grant his Motion for Directed Verdict at the close of the State's case-in-chief, on the ground that the face of the indictment alleged nothing more than a misdemeanor, citing as authority this Court's decision in *Page v. State,* 607 So. 2d 1163(Miss. 1992). The lower court denied Weaver's Motion. To sufficiently preserve this alleged error for appellate purposes, Weaver renewed his Motion for Directed Verdict at the close of his case-in-chief.

¶10. Weaver claims the indictment is in the same form as that held legally insufficient under *Page* to charge the defendant with anything other than another first offense misdemeanor. Weaver argues the indictment has to show as a condition precedent to the third offense felony charge that the defendant has been charged and convicted specifically of a "first offense," and then a "second offense." He states the indictment fails to allege the requisite elements of the felony offense.

¶11. This Court has recently overruled *Page* and *Ashcraft v. City of Richland*, 620 So. 2d 1210 (Miss. 1993), to the extent that they interpret the statute to require that the indictment must specifically show a previous conviction for DUI-First prior to being convicted for DUI-Second and a conviction of DUI-Second prior to being convicted for DUI-Third. *McIlwain*, 95-KA-01034, slip opinion at 5. The indictment met the requirements of UCCCR 7.06 and clearly showed that Weaver had been previously convicted of DUI-First and DUI-Second. At the top of the indictment, Weaver was specifically charged with Felony DUI-Third offense in violation of Miss. Code Ann. § 63-11-30 (2)(d). The indictment stated that Weaver had been charged and convicted in violation of Miss. Code Ann. § 63-11-30 (1), to wit:

(1) In the Municipal Court of Heidelberg, Mississippi, of the crime of DUI 1st offense, on the 2nd day of June, 1994, wherein he was ordered to pay a fine in the amount of $400.00 plus assessments in the amount of $115.00 plus court costs. (A COPY OF SAID ABSTRACT IS ATTACHED HERETO AS EXHIBIT NO. I AND MADE A PART HEREOF.)

(2) In the Municipal Court of Heidelberg, Mississippi, of the crime DUI 2nd offense, on the 21st day of July, 1994, he was ordered to pay a fine of $700.00 plus assessments of $115.00. (A COPY OF SAID ABSTRACT IS ATTACHED HERETO AS EXHIBIT NO. 2 AND MADE A PART HEREOF.)

¶12. Not only were the convictions and the courts in which they were tried enumerated on the face of the indictment, but the State went further. Each Abstract of Court Record showing Weaver's prior convictions for DUI were attached and made a part of the indictment. Like *McIlwain*, the attachments of the abstracts provide a clear and concise statement of the charges as required by both DUI indictment case law and the UCCCR 7.06.

¶13. Weaver claims that he was unaware that his continued violations of Miss. Code Ann. § 63-11-30 would subject him to a felony charge. This Court finds this argument unpersuasive. The plain language of Miss. Code Ann. § 63-11-30 is clear that a DUI-Third offense within a five year period will subject a violator to a felony charge. Mistake of law is not a defense to a crime. This was Weaver's third DUI within a fourteen month time frame. This Court stated in *McIlwain*, that "the obvious intent of the DUI statute is to remove repeat DUI offenders from our streets." *McIlwain*, slip opinion at 5-6. There can be no question that the Legislature had persons like Weaver in mind when it enacted the statute.

¶14. Further, Weaver states the Constitution demands that the he be made aware that his continued violations would increase the punishment for the offense. Weaver makes a very liberal reading of language in *Page*. "What ultimately is constitutionally important is that 'sufficient information. . .[be] afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhanced punishment. . ." *Page*, 607 So. 2d at 1169 *quoting Benson v. State*, 551 So. 2d 188, 196 (Miss. 1989) (alteration in original). Although *McIlwain* partially overruled *Page* and *Ashcraft*, the Court stated *Benson* still requires the indictment to "supply enough information to the defendant to identify with certainty the prior convictions relied upon by the State for enhanced punishment." *McIlwain*, slip opinion at 6; *quoting Benson*, 551 So. 2d at 196.

¶15. All this requires is for Weaver to be informed of the specific prior convictions relied upon by the State. That information was explicitly and specifically enumerated in the indictment. Weaver cannot say he was not made aware of the prior convictions the State relied upon to charge him with a felony for DUI-Third offense.

¶16. In response to this Court's decisions in *Page* and *Ashcraft*, the Legislature in 1994 enacted a new paragraph to Miss. Code Ann. § 63 -11-30. Laws, 1994 ch. 340, §4, approved March 14, 1994, effective June 6, 1994. In subsection (7) the Legislature added the following language:

> For the purpose of determining how to impose the sentence for a second, third or subsequent conviction under this section, the indictment shall not be required to enumerate previous convictions. It shall only be necessary that the indictment state the number of times that the defendant has been convicted and sentenced within the past five (5) years under this section to determine if an enhanced penalty shall be imposed. The amount of fine and imprisonment imposed in previous convictions shall not be considered in calculating offenses to determine a second, third or subsequent offense of this section.

Miss. Code Ann. § 63-11-30 (7).

¶17. Weaver states that *Page* is in accordance with UCCCR 7.06, and the Legislature cannot attempt to circumvent either of them by adding subsection (7) to Miss. Code Ann.§ 63-11-30. Without any authority supporting his assertion, Weaver states that the Uniform Rules supersede the Statutes. This Court has repeatedly held that failure to cite any authority may be treated as a procedural bar, and it is under no obligation to consider the assignment. *McClain v. State*, 625 So. 2d 774, 781 (Miss. 1993). Weaver's assertion notwithstanding, this Court has stated in the past that defining crimes and prescribing punishments are exclusively legislative functions as a matter of constitutional law. *Winters v. State*, 473 So. 2d 452, 456 (Miss. 1985). "The authority to say what constitutes a crime,

and what punishment shall be inflicted is in its entirety a legislative question. . ." *Id. quoting **Gabriel P. Brame, Sheriff***, 28 So. 2d 581, 582 (Miss. 1947).

¶18. Due to the language contained in Miss. Code Ann. § 63-11-30 (7), in order to charge Weaver with DUI-Third offense the indictment merely had to state "the number of times that the defendant has been convicted and sentenced within the past five (5) years under this section to determine if an enhanced penalty shall be imposed." Miss. Code Ann. § 63-11-30 (7). The indictment presented before this Court on appeal went well beyond the Legislature's established requirements. As stated earlier, the Legislature has the exclusive constitutional power to define what is a crime and what type of punishment is to be assessed. ***Winters***, 473 So. 2d at 456.

¶19. The indictment was filed on July 17, 1995, clearly after the amendment to Miss. Code Ann. § 63-11-30. Therefore, the indictment was not required to specifically enumerate each prior offense and conviction. Although in the case sub judice, that is exactly what the indictment did. The dates of prior convictions, in which court the convictions were had, and the amount of fines assessed were all delineated in the indictment charging Weaver for Felony DUI-Third offense. This Court holds that the indictment complied with the statutory requirements in Miss. Code Ann. § 63-11-30 (7). Therefore, the indictment charging Weaver for Felony DUI-Third offense was valid and proper according to the statutory requirements of the Legislature.

¶20. Weaver contends that he was never convicted of a second offense pursuant to Miss. Code Ann. § 63-11-30 (2)(b), after having been convicted of a first offense pursuant to Miss. Code Ann. § 63-11-30 (1). He states that a graduated third offense pursuant to Miss. Code Ann. § 63-11-30 (2)(c) cannot be charged. He relies on this Court's prior decisions in ***Page*** and ***Ashcraft***. Weaver argues that the Uniform Traffic Ticket which served as the charging affidavit for the second offense failed to allege the requirement as spelled out in ***Page.*** Therefore, Weaver contends that he only has two first offense misdemeanors which is insufficient to allege a felony.

¶21. The State classifies Weaver's argument as a challenge to the sufficiency of the evidence. This is due to his allegation that the evidence shows only two first offenses, not a first and a second offense. "In judging the sufficiency of the evidence on a motion for a directed verdict or request for peremptory instruction, the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant." ***Noe*** v. ***State,*** 616 So. 2d 298, 302 (Miss. 1993).

¶22. Weaver was charged with and entered a plea of guilty to DUI-Second offense on July 21, 1994. The indictment, in the case sub judice, describes Weaver's conviction for DUI- Second offense. The Uniform Traffic Ticket dated July 16, 1994, charges Weaver with DUI-Second offense. It specifically states:

> That the aforesaid person did unlawfully and willfully operate a motor vehicle within this state:
>
> Having ten one-hundredths percent (.10%) or more by weight volume of alcohol in the blood, to-wit .19% in violation of Section 63-11-30 (1)(c); and
>
> That said person had previously been convicted of a violation of Section 63-11-30 (1), Miss. Code Ann. (1972), 01 time(s) and that said person is being charged as a 2nd offender within **five**

(5) years, under Section 63-11-30 (1), Miss. Code Ann. (1972); against the peace and dignity of the State of Mississippi.

The Abstract of Court Record attached to the indictment describes the court in which Weaver was previously charged, lists Weaver's personal information, contains vehicle information, and explains the violation for which he was charged.

¶23. In *McIlwain*, this Court overruled *Page* and *Ashcraft* to the extent that they interpret Miss. Code Ann.§ 63-11-30 to require the indictment to specifically show a previous conviction for DUI-First prior to a DUI-Second conviction and a DUI-Second conviction prior to a conviction for DUI-Third. In *McIlwain,* the Court calls for a less technical reading of the statute, while still requiring the indictment to meet the guidelines of *Benson,* 551 So. 2d at 196. In *Benson,* this Court stated the indictment must "supply enough information to the defendant to identify with certainty the prior convictions relied upon by the State for enhanced punishment." *Id.* The indictment in the case sub judice certainly complies with the guidelines enumerated in *McIlwain*. There can be little doubt that Weaver was fully informed of the "gravity and seriousness" of the charges brought against him as charged in the indictment. The requisite elements of the felony offense were sufficiently alleged.

¶24. Based on the record before this Court we hold that the indictment was sufficient according to the requirements of *McIlwain*. Weaver was adequately apprized of the charge against him, along with the underlying prior convictions that raised his third offense DUI to felony status. For the reasons stated above, this Court affirms the felony conviction of Weaver for DUI-Third offense as charged in the indictment.

### III. WHETHER THE REPEATED REFERENCES TO THE JURY BY THE PROSECUTION AND BY THE COURT OF WEAVER'S PRIOR UNDERLYING MISDEMEANOR DUI CONVICTIONS WARRANT A NEW TRIAL.

¶25. Weaver contends that the State in *Page* argued that the indictment should follow the Rule requirements governing enhanced punishment. He states that when this Court disagreed, the Legislature added paragraph seven to Miss. Code Ann. § 63-11-30 in order to circumvent *Page*. Weaver argues on appeal that under the amended statute, prior convictions will suffice to trigger the enhanced punishment provisions of Miss. Code Ann. § 63-11-30 and are no longer essential elements of the present felony charge.

¶26. According to Weaver, this would mean the prosecution of a Felony DUI charge would fall under UCCCR 11.03 "Enhancement of Punishment." That would mean the indictment would not be read to the jury, nor would the defendant's prior convictions be entered into evidence without first complying with the Mississippi Rules of Evidence. UCCCR 11.03.

¶27. At the trial Weaver made a Motion in Limine to prevent evidence of his two prior convictions for DUI from being published to the jury due to their prejudicial nature. Weaver claims he was asking for a bifurcated trial to allow the judge to determine the legal sufficiency of his two underlying DUI convictions. The trial judge stated he would consider it.

¶28. During voir dire of the jury the judge informed the jury that Weaver was charged with Felony DUI, and "it would have to be proven that he had been convicted of two previous DUIs before he

could be charged with a third DUI, which just enhances that level as a felony under the statute." The State during direct examination, asked the arresting officer whether he had determined if Weaver had two prior DUI convictions. The State later introduced two certified copies of Abstracts of Court Record that showed Weaver had previously been convicted twice of DUI.

¶29. Weaver's contention is that Felony DUI trials should be bifurcated due to the prejudicial nature of the underlying misdemeanor convictions. He claims the prejudicial value of the convictions outweighs their probative value when analyzed under M.R.E. 403.

¶30. The State responds that the amendment does not say that the prior convictions are no longer elements of a Felony DUI. The State claims that it must still prove the prior charges and convictions to meet its burden. The amendment to the statute does not state that prior convictions are no longer elements of Felony DUI. The amendment only changes the requirements of indictments. Indictments now only have to state the number of times the defendant has been convicted and sentenced within the past five years under the statute to determine if an enhanced penalty shall be imposed. Miss. Code Ann. § 63-1-30 (7).

¶31. The State has to prove the prior charges and convictions of the defendant in order to meet its burden and obtain a conviction for a Felony DUI. The trial judge acted in accordance with the decisions of this Court by admitting the evidence of Weaver's prior convictions. "The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal maybe had only where that discretion has been abused." *Johnson v. State,* 655 So. 2d 37, 42 (Miss. 1995) *quoting* **Roberson v. State,** 595 So. 2d 1310, 1315 (Miss.1992) *citing* **Johnston v. State**, 567 So. 2d 237, 238 (Miss.1990) "Prejudicial evidence that has no probative value is always inadmissible." *Roberson,* 595 So. 2d at 1315 *citing* **McFee v. State**, 511 So. 2d 130, 134 (Miss. 1987).

¶32. This issue is without merit as the lower court properly admitted the evidence of Weaver's prior convictions. The State had the burden of proving the two prior convictions in order to obtain the Felony DUI conviction in the case sub judice. Thus, the lower court committed no error in allowing the evidence to be presented to the jury.

## CONCLUSION

¶33. The trial judge did not commit reversible error by denying Weaver's Motion to Dismiss the Indictment. The indictment sufficiently charged that Weaver had previously been convicted of a DUI-First offense and a DUI-Second offense. The certified copies of the abstracts made it clear the punishments increased with each successive DUI.

¶34. The record is clear that Weaver was properly charged with and entered a plea to DUI-Second offense. The Uniform Traffic Ticket issued to Weaver for his DUI-Second offense noted he had previously been convicted one time before and was now being charged as second offender within five years as required by Miss. Code Ann. § 63-11-30.

¶35. Finally, the trial judge properly admitted the evidence of Weaver's two prior DUI convictions. They were necessary elements of the Felony DUI for which his was charged in the case sub judice. Therefore, each had to be proved to the jury in order to obtain a conviction for Felony DUI

¶36. The lower court's action as measured by this Court's holding in *McIlwain*, along with Miss. Code Ann. § 63-11-30 (7), does not constitute error. The lower court's conviction of Weaver for Felony DUI, and his sentence of five years with the Mississippi Department of Corrections, with three years suspended and two years to serve, along with the fine of $2,000 and court costs is affirmed.

¶37. **CONVICTION OF FELONY DUI AND SENTENCE OF FIVE (5) YEARS, WITH THREE (3) YEARS SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH CONDITIONS AND PAYMENT OF A FINE OF $2,000.00 AND ALL COURT COSTS AFFIRMED.**

**PRATHER, P.J., PITTMAN, SMITH AND MILLS, JJ., CONCUR. DAN LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND McRAE, J. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND McRAE, J.; LEE, C.J., JOINS IN PART. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION; LEE, C.J., JOINS IN PART.**


**DAN LEE, CHIEF JUSTICE, DISSENTING:**


¶38. Because I remain unconvinced that it was wise or necessary to overrule this Court's decisions in *Ashcraft v. State*, 620 So. 2d 1210 (Miss. 1993), and *Page v. State*, 607 So. 2d 1163 (Miss. 1992), I respectfully dissent. This case is a prime example of the confusion engendered by hastily overruling this Court's prior decisions with little regard for *stare decisis*.

¶39. In *Page v. State* this Court recognized that the scheme of increased punishment for repetitive DUI offenses essentially meant that each previous conviction was an element of the charge of felony DUI: "Thus, each prior conviction is an element of the felony offense, and each must be specifically charged." *Page*, 607 So. 2d at 1168. Because the prior convictions formed elements of the felony, this Court consistently held that the State must show in the indictment that the defendant was specifically charged and punished as a first, then second, offender. As this Court stated in *Ashcraft*:

> As in the whiskey and shoplifting context, the Implied Consent Law, Miss. Code Ann. § 63-11-30(1) to (2), increases the penalty for each succeeding violation of the statute to the point where a fourth or subsequent violation may be punished as a felony. Each subparagraph of § 63-11-30(2) represents a separate crime with separate penalties. Section 63-11-30(2)(a) establishes an offense and penalty for the first conviction under subsection (1). Section 63-11-30(2)(b) establishes a second offense with its attendant, graduated penalty. Section 63-11-30(2)(c) establishes a third offense and graduated penalty, and Section 63-11-30(2)(d) establishes a fourth or felony offense and graduated penalty.
>
> ***Thus, each prior conviction is an element of the felony offense, and each must be specifically charged.***

*Ashcraft*, 620 So. 2d at 1212 (emphasis in original) (*quoting Page*, 607 So. 2d at 1168).

¶40. In *McIlwain v. State*, No. 95-KA-00146 SCT, 1997 WL 441925 (Miss. Aug. 7, 1997), this Court ostensibly abandoned the notion that each previous conviction was an element of the felony charge. In that case this Court, relying on recent legislative amendments, held that the State need not specifically indict the defendant as a first, then second, offender, but rather need only show that the defendant was twice convicted of DUI[1]

¶41. Relying on both this Court's decision in *McIlwain* and the 1994 amendment to Miss. Code Ann. § 63-11-30(2) (1996), Mr. Weaver contends that if his previous convictions are not elements of the felony, but merely sentence enhancers, then he is entitled to the protections of URCCC 11.03, providing for bifurcated proceedings. This Court, once again changing its stance on this issue, now avers that the previous convictions of Mr. Weaver are elements of the felony DUI charge against him in order to avoid the application of URCCC 11.03.

¶42. I am aware that the public opinion of drunken driving has changed from the "ambivalence" described by Justice Banks in his dissent in *Page* to something of a jihad. *Page*, 607 So.2d at 1170 (Banks, J., *dissenting*). I am also aware that the purpose of the implied consent law, as noted by the majority in *McIlwain*, is "to remove repeat DUI offenders from our streets." *McIlwain*, 1997 WL 441925, at \*3. However, neither a change in public opinion nor the stated legislative intent excuses the outcome oriented machinations of this Court in attempting to treat Mr. Weaver's prior indictments as elements of a felony for one purpose, and not as elements for another. Either the prior indictments are elements of the felony as this Court has previously held, in which case we should seriously reconsider overruling *Page v. State*, or they are not, and URCCC 11.03 applies, as averred by Justice Banks in his dissent in this case.

¶43. In either event, such vacillation on the part of this Court does violence to the concept of *stare decisis* and only causes more confusion and instability. For this reason I respectfully dissent.

**SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.**


**BANKS, JUSTICE, DISSENTING:**

¶ 44. Because I believe that the enhanced penalty provision of our rules should have been followed here, I dissent.

¶ 45. I see no basis for avoiding the procedure prescribed in Uniform Rules of Circuit and County Court Practice Rule 11.03 for handling enhanced sentences. Indeed, the State argued as much in *Page v. State,* 607 So. 2d 1163, 1169 (Miss. 1992). Now it wants to change horses. The response that prior convictions are "elements" of "felony" DUI simply does not hold water.

¶ 46. The fact is that § 63-11-30(2)(a-e) prescribe penalties, not elements, and they provide for enhanced penalties for subsequent convictions. The elements of felony DUI are contained in § 63-11-30(1). The notion that prior convictions are elements of the offense of felony DUI is a remnant from the *Page* way of thinking rather than a rational reading of the statute. The previous convictions here are no more elements of the offense than are the previous convictions in habitual offender statutes and the second or subsequent offense enhancement provision in our controlled substances statutory scheme. *See* Miss. Code Ann. §§ 99-19-81 through 87 (1994); Miss. Code Ann. § 41-29-147 (1993).

Rule 11.03 is designed to speak to all such schemes.

¶ 47. Once we conclude, as I do, that the admission of evidence of the prior offenses over objection was error we must examine the evidence to determine whether that error was harmless. Weaver testified that he had not been drinking sufficiently to be intoxicated. He tested .157 however, and the arresting officer described him as blurry eyed with slurred speech, smelling of alcohol and unable to perform certain physical tasks after having been stopped for driving in a weaving manner. Weaver testified that his weaving was caused by the condition of his truck which pulled to one side. He admitted to drinking two beers but claimed that he was not drunk.

¶ 48. Significantly, both in cross-examination and in closing argument the prosecutor used the previous DUI convictions as to infer Weaver's guilt in this instance. Under those circumstances, I cannot conclude that the error in admitting this testimony was harmless. It was used for the very purpose that our evidentiary rules shielding fact finders from evidence of past transgressions are designed to prevent, that is, to persuade the fact finder to draw an inference of guilt on the occasion in question from evidence that the individual was guilty in the past. Miss. R. Evid. 404(b). *Holland v. State,* 656 So. 2d 1192, 1197 (Miss. 1995); *Robinson v. State,* 497 So. 2d 440, 442 (Miss. 1986); *Eubanks v. State,* 419 So. 2d 1330, 1331 (Miss. 1982).

¶ 49. For the foregoing reasons, I would reverse the conviction and remand this matter to the circuit court for a new trial. Because the majority concludes otherwise, I dissent.

**SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION. LEE, C.J., JOINS IN PART.**

**McRAE, JUSTICE, DISSENTING:**

¶ 50. An indictment must enumerate prior conviction of a first and second offense as a condition precedent to the third offense felony charge, just as any other criminal indictment is required to allege with specificity the elements of the offense charged. The indictment must give the defendant enough information to identify the prior convictions relied upon by the state for enhanced punishment. *Benson v. State*, 551 So. 2d 188, 196 (Miss. 1989). Weaver's indictment merely alleged that he had two or more convictions for violating the statute but did not allege specifically those convictions. Therefore, adherence to the standards applied in *Page v. State*, 607 So. 2d 1163 (Miss. 1992) is proper for this case. For this reason and those stated in my dissent in *McIlwain v. State*, No. 95-KA-00146-SCT (Miss. Aug. 7, 1997), I dissent.

**LEE, C.J., JOINS THIS OPINION IN PART.**

1. The majority in *McIlwain* was apparently persuaded by the recent amendment of Miss. Code Ann. § 63-11-30(2) (1996), which removed the requirement that the State specifically indict as a second offender before a defendant be indicted as a felony offender. This amendment, however probative of the legislative will it may be, has no effect whatsoever on the decisions of this Court interpreting

Section 63-11-30(2).

Likewise, in the present case, both of the misdemeanor DUI convictions upon which the State rests its felony indictment in the current case occurred prior to the 1994 amendment.