# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KA-01227-SCT

*C. L. WILLIAMS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/28/96 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANTHONY J. BUCKLEY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JEANNENE T. PACIFIC |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 3/26/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/16/98 |

**BEFORE PITTMAN, P.J., McRAE AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. C.L. Williams was indicted by the Grand Jury of Jones County, Mississippi, on April 22, 1996, for the crime of felony DUI in violation of Miss. Code Ann. § 63-11-30(2)(c). The offense occurred on January 9, 1996, when Williams was stopped on Interstate 59 in the City of Laurel, Mississippi. Williams submitted to an intoxilyzer test that showed his blood-alcohol content (BAC) to be .191. He had been convicted twice previously for DUI, with the first conviction on August 1, 1991, and the second on July 21, 1993.

¶2. Williams' trial was had on August 28, 1996, with the Honorable Billy Joe Landrum presiding. At the conclusion of the evidence the jury returned with a guilty verdict. Judge Landrum sentenced Williams to five years with the Mississippi Department of Corrections, with forty-two months suspended and eighteen months to serve in the penitentiary. He was also placed on forty-two months probation and assessed a fine of $2,000, plus court costs.

¶3. Williams' motion for a new trial was denied by the trial court. Aggrieved by the decision of the

lower court, Williams has appealed to this Court raising the following:

> **I. WHETHER THE LOWER COURT ERRED IN OVERRULING WILLIAMS' MOTION TO DISMISS THE FELONY CAUSE ON THE GROUNDS THAT THE INDICTMENT WAS LEGALLY INSUFFICIENT TO CHARGE A FELONY.**
>
> **II. WHETHER THE LOWER COURT ERRED IN OVERRULING WILLIAMS' MOTION FOR A BIFURCATED TRIAL, THEREBY ALLOWING THE TWO UNDERLYING MISDEMEANORS TO BE PUBLISHED AND ARGUED TO THE JURY.**
>
> **III. WHETHER THE OFFENSE WAS PROPERLY BEFORE THE LOWER COURT BECAUSE THE ARRESTING OFFICER DID NOT ISSUE A UNIFORM STANDARD TICKET FOR THE THIRD OFFENSE.**

¶4. In light of this Court's recent decisions in ***McIlwain v. State*, 700 So. 2d 586 (Miss. 1997)**and ***Weaver v. State*, No. 95-KA-01034-SCT, 1997 WL 703057 (Miss. Nov. 13, 1997),** we find all three issues are without merit. The lower court's decision is affirmed.

## STATEMENT OF THE FACTS

¶5. C.L. Williams was traveling along Interstate 59 in the Laurel, Mississippi, on the evening of January 9, 1996. He passed an officer who was checking for speeding vehicles with radar. Officer Bryan Boutwell testified that Williams was driving with his headlights on bright, so Boutwell followed him. Boutwell stated that he observed Williams cross the center line with the left side of his car. Williams was stopped and asked to produce a valid driver's license, which he did not do. Boutwell testified that he could smell the odor of alcohol and requested Williams to get out of the car.

¶6. At this point, Boutwell observed Williams to have slurred speech and glossy eyes. Williams failed the hand-held portable intoxilyzer. Officer Doug Hill, the DUI officer on duty, was contacted. Williams was asked to perform three field sobriety tests. In the opinions of the officers, Williams failed these tests. Williams was placed under investigative detention for possible DUI, and transported to the Laurel Police Station. Having been previously convicted of two misdemeanor DUIs, Williams was charged with third offense felony DUI after he registered .191 BAC on the printout of the CMI Intoxilyzer 5000 test.

¶7. At the close of the State's case-in-chief, Williams moved for a directed verdict on the ground the evidence was insufficient as a matter of law to sustain a conviction of felony DUI. Williams claimed the proof only demonstrated two first offense misdemeanors and that by virtue of the charges alleged in the indictment he was entitled to a bifurcated trial. The defense presented no witnesses, and Williams did not testify in his own behalf. The jury found Williams guilty of felony DUI. Judge Landrum imposed the sentence and assessed the fine and court costs. Williams' motion for a new trial was overruled. Williams now seeks relief from the lower court's decision by appealing to this Court.

## DISCUSSION OF THE ISSUES

## I. WHETHER THE LOWER COURT ERRED IN OVERRULING WILLIAMS' MOTION TO DISMISS THE FELONY CAUSE ON THE GROUNDS THAT THE INDICTMENT WAS LEGALLY INSUFFICIENT TO CHARGE A FELONY.

¶8. Williams made a pre-trial motion and a motion for a directed verdict at the close of the State's case on the ground that the face of the indictment alleged nothing more than a misdemeanor based on this Court's holding in *Page v. State*. Both motions were overruled. On appeal, Williams argues that the indictment fails to specifically charge that he had been convicted of anything other than two first offense violations of the implied consent law within five years prior to the felony charge.

¶9. Williams contends the indictment must show as a condition precedent to the third offense felony charge that the defendant has been charged and convicted specifically of a "first offense" and then a "second offense". He states that the indictment fails to allege the requisite elements of the felony offense.

¶10. In response to this Court's decisions in *Page v. State*, 607 So. 2d 1163 (Miss. 1992) and *Ashcraft v. City of Richland*, 620 So. 2d 1210 (Miss. 1993), the Legislature in 1994 enacted a new paragraph to Miss. Code Ann. § 63-11-30. 1994 Miss. Laws ch. 340, §4, approved March 14, 1994, effective June 6, 1994. In subsection (7) the Legislature added the following language:

> For the purpose of determining how to impose the sentence for a second, third or subsequent conviction under this section, the indictment shall not be required to enumerate previous convictions. It shall only be necessary that the indictment state the number of times that the defendant has been convicted and sentenced within the past five (5) years under this section to determine if an enhanced penalty shall be imposed. The amount of fine and imprisonment imposed in previous convictions shall not be considered in calculating offenses to determine a second, third or subsequent offense of this section.

Miss. Code Ann. § 63-11-30 (7) (1996).

¶11. This Court specifically overruled *Page* and *Ashcraft* to the extent they interpret the statute to require the indictment to specifically show a previous conviction for DUI First prior to being convicted for DUI Second and a conviction of DUI Second prior to being convicted for DUI Third. *McIlwain*, 700 So. 2d at 589. "The obvious intent of this statute is to remove repeat DUI offenders from our streets. This goal will be better accomplished by simply reading the clear language of the statute." *Id.*

¶12. Williams argues that *Page* stands firmly behind URCCC 7.06, which supersedes the statutes. Williams provides this Court with no authority for this argument. "This Court has held that it is the duty of an appellant to provide authority and support of an assignment." *Hoops v. State*, 681 So. 2d 521, 526 (Miss. 1996); *Kelly v. State*, 553 So. 2d 517, 521 (Miss. 1989). "This Court has repeatedly held that failure to cite any authority may be treated as a procedural bar, and it is under no obligation to consider the assignment." *Weaver*, 1997 WL 703057, at *4 *citing McClain v. State*, 625 So. 2d 774, 781(Miss. 1993). "If a party does not provide this support this Court is under no duty to consider assignments of error when no authority is cited." *Hoops*, 681 So. 2d at 526; *Hewlett v. State*, 607 So. 2d 1097, 1106 (Miss. 1992).

¶13. Williams' failure to cite authority clearly invokes the procedural bar; thus, this issue is barred. Alternatively, his argument is without merit. This Court has recently stated that "defining crimes and prescribing punishments are exclusively legislative functions as a matter of constitutional law." *Weaver*, 1997 WL 703057, at *4 (*citing* **Winters v. State**, 473 So. 2d 452, 456 (Miss. 1985)). "'[T] he authority to say what constitutes a crime, and what punishment shall be inflicted is in its entirety a legislative question . . . .'" *Id.* (*quoting* **Winters**, 473 So. 2d at 456).

¶14. In order to comply with the language in Miss. Code Ann. § 63-11-30(7), the indictment merely had to state "'the number of times that the defendant has been convicted and sentenced within the past five (5) years under this section to determine if an enhanced penalty shall be imposed'" in order to charge Williams with felony DUI. *Weaver*, 1997 WL 703057, at *4(*quoting* Miss. Code Ann. § 63-11-30(7)). The indictment charging Williams was filed on April 22, 1996, well after the amendment to Miss. Code Ann. § 63-11-30 became effective. The indictment stated Williams "has two or more convictions for violation of Section 63-11-30(1) of the Mississippi Code of 1972. Said offenses all have occurred within a five year period of this offense, evidence of which is attached hereto by court abstracts as Exhibits 1 and 2." The abstracts showed the charge, date of violation and court date, and the judgment and the sentence imposed by the court in each of Williams' two previous DUI convictions. "[T]he attachment of the abstracts provide a clear and concise statement of the charges as required by both the DUI indictment case law and the Rules of Circuit Court Practice." *McIlwain*, 700 So. 2d at 589. The indictment in the case presently before the Court complied with the requirements of Miss. Code Ann. § 63-11-30(7), as well as this Court's subsequent holding in *McIlwain*.

¶15. Williams asserts that the Constitution demands that he be made aware that his continued violations would increase the punishment for the offense. He contends that adding paragraph seven to Miss. Code Ann. § 63-11-30 cannot circumvent the constitutional requirements described in **Benson v. State**, 551 So. 2d 188, 196 (Miss. 1989).

¶16. This Court has found these arguments unpersuasive. "The plain language of Miss. Code Ann. § 63-11-30 is clear that a DUI-Third offense within a five year period will subject a violator to a felony charge. Mistake of law is not a defense to a crime." *Weaver*, 1997 WL 703057, at *3. Williams, like Weaver, makes a very liberal reading of this Court's decision in **Page**. "What ultimately is constitutionally important is that 'sufficient information. . .[be] afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhanced punishment . . . .'" **Page**, 607 So. 2d at 1169 (*quoting* **Benson**, 551 So. 2d at 196). Despite this Court's partial overruling of **Page** and **Ashcraft**, the Court reiterated that indictments must "'supply enough information to the defendant to identify with certainty the prior convictions relied upon by the State for enhanced punishment.'" *McIlwain*, 700 So. 2d at 589 (*quoting* **Benson**, 551 So. 2d at 196).

¶17. As the Court stated in **Weaver**, "[a]ll this requires is for [a defendant] to be informed of the specific prior convictions relied upon by the State." *Weaver*, 1997 WL 703057, at *4. This information was explicitly and specifically enumerated in the indictment charging Williams with felony DUI. Further, this Court in **Weaver** held that the unambiguous language of Miss. Code Ann. § 63-11-30 is clear that three DUIs within a five year time frame will subject the violator to a felony charge. *Id.* at *3. Williams cannot say he was not made aware of the prior convictions relied upon by the State to charge him with felony DUI.

¶18. After a thorough review of the record, we find that the indictment charging Williams with felony DUI was sufficient according to the requirements of Miss. Code Ann. § 63-11-30(7) and this Court's recent decisions in *McIlwain* and *Weaver*. Williams was properly informed of the charge against him, along with the underlying prior convictions that raised his third offense DUI to a felony charge. The trial court did not err by overruling Williams' motion to dismiss the felony cause of the indictment.

### II. WHETHER THE LOWER COURT ERRED IN OVERRULING WILLIAMS' MOTION FOR A BIFURCATED TRIAL, THEREBY ALLOWING THE TWO UNDERLYING MISDEMEANORS TO BE PUBLISHED AND ARGUED TO THE JURY.

¶19. Williams' attorney argued to the lower court that Miss. Code Ann. § 63-11-30(7) made the statute one of enhanced punishment. Therefore, he argues on appeal that the court should have followed URCCC 11.03, which requires bifurcation. Williams states that since the underlying misdemeanors no longer have to be specifically charged, a felony DUI trial should be bifurcated.

¶20. In *Page*, this Court held that "'each prior conviction is an element of the felony offense, and each must be specifically charged.'" *McIlwain*, 700 So. 2d at 588 (*quoting* *Page*, 607 So. 2d at 1168). This Court did not completely overrule its holding in *Page* by its decision in *McIlwain*. The language used by the Court was as follows:

> Today we specifically overrule *Page v. State*, 607 So. 2d 1163 (Miss. 1992) and *Ashcraft v. City of Richland*, 620 So. 2d 1210 (Miss. 1993) **to the extent** that they interpret the statute to require that the indictment must specifically show a previous conviction for DUI First prior to being convicted for DUI Second and a conviction of DUI Second prior to being convicted for DUI Third.

*Id.* at 589 (emphasis added).

¶21. This Court's holding in *Page* was twofold; first, the Court stated that each prior conviction is an element of the felony offense. *Page*, 607 So. 2d at 1168. Second, the Court held that each prior conviction must be specifically charged. *Id. McIlwain* overruled the holding in *Page* only to the extent that it required "the indictment must specifically show a previous conviction for DUI First prior to being convicted for DUI Second and a conviction of DUI Second prior to being convicted for DUI Third." *McIlwain*, 700 So. 2d at 589. The first part of the Court's holding in *Page* is still good law. In other words, each prior conviction is still an element of the felony offense. *Page*, 607 So. 2d at 1168. The State has to prove the prior convictions in order to meet its burden under Miss. Code Ann. § 63-11-30 (2)(c) and obtain a conviction for felony DUI. *Weaver*, 1997 WL 703057, at *7*.

¶22. We find that the dissenters in *Weaver* misinterpreted the holding by the Court in *McIlwain*. Chief Justice Lee wrote, "this Court ostensibly abandoned the notion that each previous conviction was an element of the felony charge." *Weaver*, 1997 WL 703057, at *9*. That is not the holding in *McIlwain*. There, the Court interpreted Miss. Code Ann. § 63-11-30(7) to no longer require a DUI First conviction prior to a DUI Second and a DUI Second prior to a DUI Third. The plain language of Miss. Code Ann. § 63-11-30(7) merely requires two prior DUI convictions within a five year time period of the third DUI charge in order to charge the defendant with felony DUI. *McIlwain*, 700 So.

[2d at 589](#). The Court did not overturn the portion of **Page** that holds each prior conviction to be an element of the felony offense.

¶23. Justice Banks dissented to the majority's holding in **Weaver** as well. He wrote, "§ 63-11-30(2)(a-e) prescribe penalties, not elements, and they provide for enhanced penalties for subsequent convictions. The elements of felony DUI are contained in § 63-11-30(1)." [**Weaver**, 1997 WL 703057, at \*10](#). Miss. Code Ann. § 63-11-30(2)(c) contains the **elements** of felony DUI.

> For ***any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony*** and fined not less than Two Thousand Dollars ($2,000.00) nor more than Five Thousand Dollars ($5,000.00) and shall be imprisoned not less than one (1) year nor more than five (5) years in the State Penitentiary. The law enforcement agency shall seize the vehicle operated by any person charged with a third or subsequent violation of subsection (1) of this section, if such convicted person was driving the vehicle at the time the offense was committed. Such vehicle may be forfeited in the manner provided by Sections 63-11-49 through 63-11-53. Except as may be otherwise provided by paragraph (e) of this subsection, the Commissioner of Public Safety shall suspend the driver's license of such person for five (5) years. The suspension of a commercial driver's license shall be governed by Section 63-1-83.

Miss. Code Ann. § 63-11-30(2)(c) (1996) (emphasis added). Miss. Code Ann. § 63-11-30(1) (1996) enumerates what actions will subject a person to prosecution for a DUI. As stated earlier, "defining crimes and prescribing punishments are exclusively legislative functions as a matter of constitutional law." [**Weaver**, 1997 WL 703057, at\*4](#). What constitutes (i.e. the elements) a felony DUI is defined by the legislature in Miss. Code Ann. § 63-11-30(2)(c) (1996).

¶24. **McIlwain** overruled **Page** to the extent that it required numbers to be attached to the prior DUI convictions. The language in **McIlwain** does not overrule the entire holding of this Court in **Page**. Two prior convictions within a five year time period of the third charge must be proven by the State in order to obtain a conviction for felony DUI. There is no requirement that the prosecution of a felony DUI comply with the guidelines for bifurcation found in URCCC 11.03. Therefore, the lower court did not commit error by denying Williams' motion for a bifurcated trial.

### III. WHETHER THE OFFENSE WAS PROPERLY BEFORE THE LOWER COURT BECAUSE THE ARRESTING OFFICER DID NOT ISSUE A UNIFORM STANDARD TICKET FOR THE THIRD OFFENSE.

¶25. Williams contends that because there was no third offense DUI ticket issued charging him with a third DUI under the Implied Consent Law his case should be reversed and rendered. He argues that under Miss. Code Ann. § 63-11-5(3) the traffic ticket issued to a person arrested for violation of the implied consent law shall conform to the requirements of Miss. Code Ann. § 63-9-21(3)(b). Williams claims that because he was not issued a Uniform Traffic Ticket he was not properly charged with a felony DUI.

¶26. Williams misconstrues the statutes and the prior decisions of this Court. Miss. Code Ann. § 63-11-5(3) (1996) states "[t]he traffic ticket, citation or affidavit issued to a person arrested for a violation of this chapter shall conform to the requirements of Section 63-9-21(3)(b)." Miss. Code

Ann. § 63-9-21(3)(b) (1996) reads as follows:

> The traffic ticket, citation or affidavit which is issued to a person arrested for a violation of the Mississippi Implied Consent Law shall be uniform throughout all jurisdictions in the State of Mississippi. It shall contain a place for the trial judge hearing the case or accepting the guilty plea, as the case may be, to sign, stating that the person arrested either employed an attorney or waived his right to an attorney after having been properly advised of his right to have an attorney. If the person arrested employed an attorney, the name, address and telephone number of the attorney shall be written on the ticket, citation or affidavit.

¶27. The State responds that the basis for Williams' prosecution was not a Uniform Ticket Citation. Williams was charged with a felony by an indictment returned on April 22, 1996, by the Jones County grand jury. This indictment served several purposes.

> 1. The indictment furnished Williams with a description of the charge against him to enable him to prepare a defense and availed him of his conviction or acquittal to protect him from further prosecution for the same crime.

> 2. The indictment informed the court of the facts alleged so that it could decide whether they were sufficient in law to support a conviction if it should be obtained.

> 3. The indictment served to guard against malicious, groundless prosecution.

*See Jefferson v. State*, 556 So. 2d 1016, 1021 (Miss. 1989).

¶28. This Court has held "[o]nce a grand jury has convened and found that probable cause exists, there is no further need for a preliminary hearing." *Mayfield v. State*, 612 So. 2d 1120, 1129 (Miss. 1992). The *Mayfield* analysis applies here. A statutorily sufficient indictment, as measured by Miss. Code Ann. § 63-11-30(7), goes beyond the requirements of Miss. Code Ann. § 63-11-5(3) and § 63-9-21(3)(b). An indictment in compliance with these statutes and the recent holdings by this Court in *McIlwain* and *Weaver* is sufficient to charge a defendant with felony DUI. If an indictment serves as the basis for the prosecution for a felony DUI, a traffic ticket, citation, or affidavit is not required.

¶29. Further, prior holdings of this Court suggest that an indictment must be returned by a grand jury prior to prosecution of a defendant for a felony. Section 27 of the Mississippi Constitution requires that a grand jury return an indictment before a prosecution for a felony may be had. *State v. Sansome*, 133 Miss. 428, 438, 97 So. 753, 754 (1923); *Box v. State*, 241 So. 2d 158, 159 (Miss. 1970), overruled on other grounds by *Jefferson v. State*, 556 So. 2d 1016 (Miss. 1989).

¶30. However, the Court would note that this could have been done by criminal information pursuant to art. 3, § 27 of the Miss. Const. That section provides "[n]o person shall, for any indictable offense, be proceeded against criminally by information, except. . .by leave of the court for misdemeanor in office or where a defendant represented by counsel by sworn statement waives indictment." Miss. Const. art. 3, § 27. In this particular case pursuant to Miss. Code Ann. § 63-11-5(3) (1996), under the Implied Consent Law, "[t]he traffic ticket, citation, or affidavit issued to a person arrested for a violation of this chapter shall conform to the requirements of Section 63-9-21(3)(b)." Miss. Code Ann. § 63-9-21(3)(b) (1996) provides:

The traffic ticket, citation or affidavit which is issued to a person arrested for a violation of the Mississippi Implied Consent Law shall be uniform throughout all jurisdictions in the State of Mississippi. It shall contain a place for the trial judge hearing the case or accepting the guilty plea, as the case may be, to sign, stating that the person arrested either employed an attorney or waived his right to an attorney after having been properly advised of his right to have an attorney. If the person arrested employed an attorney, the name, address and telephone number of the attorney shall be written on the ticket, citation or affidavit.

¶31. The indictment was sufficient to charge Williams with felony DUI. Williams' third argument is without merit. The lower court was correct in denying Williams' pre-trial motion and motion for directed verdict claiming the felony was not properly before the court.

## CONCLUSION

¶32. The indictment charging Williams with felony DUI was sufficiently drafted. This Court's holding in *McIlwain* requires the indictment to enumerate two prior convictions for DUI within a five year time period of the third DUI offense in order to charge the defendant with felony DUI.

¶33. The lower court did not err by denying Williams' motion to bifurcate the proceedings. The two prior convictions for misdemeanor DUI are still requirements of the felony and must be alleged in the indictment. *McIlwain* only did away with the interpretation of Miss. Code Ann. § 63-11-30 that required the indictment to specifically show a DUI First conviction prior to a DUI Second conviction and a DUI Second conviction prior to a DUI Third conviction.

¶34. The indictment sufficiently charged Williams with felony DUI. An indictment must be issued by a grand jury before a prosecution for a felony can be had. The indictment went well beyond the information requirements of a traffic ticket, citation, or affidavit; any of which would have sufficed to have served as a basis for Williams' prosecution. We find the felony charge was properly before the court.

¶35. The lower court did not commit error in the proceedings below. Williams was sufficiently charged and found guilty of felony DUI, and the lower court decision is affirmed.

**¶36. CONVICTION OF FELONY DUI AND SENTENCE OF FIVE (5) YEARS AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FORTY-TWO (42) MONTHS SUSPENDED, LEAVING EIGHTEEN (18) MONTHS TO SERVE, WITH CONDITIONS, AND PAYMENT OF A FINE OF TWO THOUSAND ($2,000.00) DOLLARS AND COURT COSTS AFFIRMED.**

**PITTMAN, P.J., SMITH, MILLS AND WALLER, JJ., CONCUR. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, C.J., SULLIVAN, P.J., AND McRAE, J.**

**BANKS, JUSTICE, CONCURRING:**

¶37. I concur in the result. For the reasons expressed in my dissent in *Weaver v. State*, No. 95-KA-

[01034-SCT, 1997 WL 703057 (Miss. Nov. 13, 1997)](#), I do not agree with the majority's analysis of Issue II regarding the proper way to handle what I view as the enhanced penalty present in our DUI statutory scheme. I remain unconvinced that each prior conviction is an element of felony DUI. I am fortified in that view by the realization that this Court has specifically embraced that position in the rule regarding amendment of indictments.

¶38. As I stated in *Weaver,* Miss. Code Ann. § 63-11-30(2) (a-e) prescribe penalties, not elements, and they provide for enhanced penalties for subsequent convictions. The elements of felony DUI are contained in Miss. Code Ann. § 63-11-30(1). We have said as much in the rules. The plain language of URCCC 7.09, concerning amendment of indictments, makes it readily apparent that prior offenses used to charge the defendant as an habitual offender are not substantive elements of the offense charged. Remarkably, the rule cites as an example the very statute at issue in *Weaver* and in the present case:

> All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement *(e.g., driving under the influence, Miss. Code Ann. § 63-11-30)*.

[URCCC 7.09](#) (emphasis added).

¶39. I concur in the result reached by the majority only because the circumstances here, in contrast to those in *Weaver,* clearly indicate that the error in failure to bifurcate the proceedings is harmless.

**PRATHER, C.J., SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.**