COLEMAN, JUSTICE,
CONCURRING IN PART AND DISSENTING IN PART:
¶26. While I concur with the majority’s analysis of the first two issues, I respectfully dissent from its amorphous analyses of the issue of joinder. The majority holds that the trial judge abused his discretion in denying the motion to join Chevron but does not agree on a reason. Some members of the majority—we do not know which ones or how many—believe Chevron waived its right to object to joinder by its voluntary participation in the case. No legal basis—statutory, caselaw, or procedural rule—exists to support the majority’s premise that Chevron’s participation waived its right to object to its joinder. More troubling, the general law of waiver upon which some in the majority rely ap *752 plies just as much—if not more so—to the school district than to Chevron. The school district sat by for months allowing Chevron to participate as a nonparty in the litigation and did not request joinder until the end. Indeed, as more fully set forth below, during a hearing in front of the trial judge early in the litigation, the school district expressly disavowed the need for Chevron to be a party.
¶27. Today, the Court acts in a wholly arbitrary fashion by choosing to apply the waiver doctrine to one party when the doctrine is equally—or even more—applicable to the other. We act on a whim.
¶28. Other members of the majority— again, we do not know how many or which ones—believe the trial court abused its discretion in refusing to join Chevron as a compulsory party claiming an interest under Rule 20(a)(2). The majority does so despite the fact that Chevron opposes join-der and despite the fact that the party at risk of double litigation—the county—told the trial judge that it took no position on whether Chevron should be joined.
¶29.1 would hold that the trial court did not abuse its discretion in denying the joinder of Chevron under Rule 19 or Rule 20 of the Mississippi Rules of Civil Procedure.
¶30. Our standard of review for joinder issues is abuse of discretion. Illinois Cent. R.R. Co. v. Gregory, 912 So.2d 829, 833 (¶5) (Miss. 2005). “Abuse of discretion is the most deferential standard of review appellate courts employ.” Ashmore v. Miss. Auth. on Educ. Television, 148 So.3d 977, 982 (Miss. 2014). The abuse of discretion standard mandates that we “must affirm the decision, regardless of what any of us individually might have ruled had we been the judge, unless there is a definite and firm conviction that the court below committed clear error.” Ferguson v. Univ. of Miss. Med. Ctr., 179 So.3d 1060, 1064 (Miss. 2015) (internal citations omitted). In light of the history of the case and arguments presented to the trial judge at the hearing on the joinder motion, discussed more fully below, I cannot reach the conclusion that the trial judge abused his discretion in denying the school district’s motion to join Chevron in the appeal being pursued by the school district.
¶31. Rule 19(a) provides for compulsory joinder of a party if:
(1) in his absence complete relief cannot be accorded among those already parties, or
(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
M.R.C.P. 19(a).[11] Additionally, the Advisory Committee’s note to Rule 19 provides four main questions to consider: 1) “the plaintiffs interest in having a forum”; 2) “the defendant’s wish to avoid multiple litigation, inconsistent relief, or sole responsibility for' a liability shared with another”; 3) “the interest of an outsider whom it would have been desirable to join”; and 4) “the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.”
¶32. Chevron is not an indispensable party under either prong of Rule 19(a). *753 “[J]oinder of parties is only necessary if complete relief cannot be accorded among those who are already parties to the suit.” Craft v. Craft, 825 So.2d 605, 610 (¶20) (Miss. 2002). Under Rule 19(a)(1), the parties involved can receive complete relief without Chevron’s participation in the suit. Chevron is not involved with and has no say in determining the process by which its tax assessor evaluates the property or the appropriate methodology for assessing the taxes. Chevron’s absence would not prevent either party from obtaining complete relief regarding the proper methodology to evaluate the tax assessment.
¶33. Neither does Rule 19(a)(2), upon which some of the members of the majority rely, provide relief for the school district. First, though Chevron may have an interest in the correct methodology being used to assess the taxes it will pay, the school district has not articulated how Chevron’s absence would impede Chevron’s ability to protect its interest. Additionally, the school district has not explained how it would be subject to multiple obligations were Chevron not a party to the lawsuit. “It is the duty of counsel to make more than an assertion; they should state reasons for their propositions, and cite authorities in.their support.” Williams v. State, 708 So.2d 1358 (Miss. 1998). Also of note, Rule 19(a)(2) contemplates that the party to be joined “claims an interest relating to the subject matter” of the litigation, and—although Chevron is not a party to the appeal—the record clearly demonstrates that Chevron denied any interest in joinder.
¶34. The hearing on the school district’s motion to join Chevron took place on June 11, 2014. Present were attorneys for the school district, an attorney for Chevron, an attorney for the City of Pascagoula, and an attorney for Jackson County. As an initial matter, Jackson County, which would be the party at risk of double litigation should Chevron not be joined, took no position on the issue of joinder. Counsel for Jackson County stated, “... you may notice we did not file anything on this particular issue. So we are basically here to see what the Court decides.” It is worthy of note that, despite the possible threat of double litigation, the entity so-threatened did not argue for joinder before the trial court.
¶35. Furthermore, at the hearing on the motion to join Chevron, the school district contradicted its earlier position regarding the necessity of Chevron’s involvement as a party. As the majority opinion notes, the trial court denied two motions filed by Jackson County to dismiss the case, in which the county argued that the school district lacked standing. The parties argued the first motion to dismiss for lack of standing on March 16, 2012. In short, Jackson County argued that the right to bring the claims at issue belonged to Chevron, and not to the school district. The school district responded and argued to the trial court that it had a colorable interest and could proceed as a party challenging the tax assessment to Chevron without the involvement of Chevron. An attorney for Chevron appeared at and participated in the hearing on Jackson County’s second motion to dismiss, held on May 6, 2013. After counsel for Chevron addressed the Court, the attorney for the school district noted his presence and noted that Chevron had not interpleaded or otherwise joined as a party, but he did not object or ask the Court to exclude Chevron absent joinder. Later, counsel for the school district argued that the school district had standing to contest the tax appropriate to Chevron whether Chevron had notice or not arid whether Chevron participated or- not. Counsel for the City of Pascagoula, when given his turn to argue to the trial court, pointed out the unlikelihood of Chevron joining in litigation and contesting a tax *754 assessment that “cuts their payments in half.” Both the school district and the city argued that Chevron need not even be notified of the action. When the Court later heard arguments on the motion to join Chevron, counsel for Chevron reminded the Court that the school district and the city had taken the position that the taxpayer need not be involved.
¶36. In addition, neither the majority nor the school district identifies the type of party Chevron would be if joined. The school district and the city, which are in the position of plaintiffs in the appeal of the county’s tax assessment below, wish to increase Chevron’s tax burden, so it would not make sense for Chevron to be joined as a compulsory plaintiff.
From our reading of the relevant authorities, we believe that this is not a proper case for joinder of the absent party as a Rule 19(a) “involuntary plaintiff.” The “proper case” is meant to cover only those instances where the absent party has either a duty to allow the plaintiff to use his name in the action or some sort of an obligation to join plaintiff in the action.
Eikel v. States Marine Lines, Inc., 473 F.2d 959, 962 (5th Cir. 1973). Chevron has no role in assessing the taxes levied by the county. Accordingly, no relief sought by the school district or city could be ordered against Chevron, which makes it unnecessary as a defendant.
¶37. Neither party that would be affected by duplicative litigation, Chevron or Jackson County, asked the trial court below to join Chevron as a party. Neither the school district nor the majority has shown that the school district will not be afforded complete relief absent Chevron’s joinder. In light of the above-described procedural history and the fact that Jackson County did not, when given clear opportunity to do so, join in the request to join Chevron as a party, the trial judge did not abuse his discretion in refusing to join Chevron.
¶38. Rule 20 provides for permissive joinder as follows
All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if 'any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or seiies of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.
M.R.C.P. 20(a). “Rule 20 gives trial courts broad discretion in determining when and how to try claims.” Hegwood v. Williamson, 949 So.2d 728, 730 (¶5) (Miss. 2007) (citing Wyeth-Ayerst Labs. v. Caldwell, 905 So.2d 1205, 1207 (¶6) (Miss. 2005)). Notwithstanding its prior participation, Chevron strongly expresses an interest in not being joined, has not filed a motion to be joined, and has not initiated a separate right to relief to be considered under Rule 20. Thus, the permissive language in Rule 20 appears to offer the school district no relief. Again, the issue in the present case is whether the tax assessor used the proper methodology in valuing the taxes owed. Chevron has no involvement in determining the methodology for the assessment; *755 therefore, it is difficult to understand and certainly was not explained by the school district, what relief Chevron would offer by being joined as a party. Similarly to the lack of Rule 19 analysis, the school district’s brief does not contain any application of Rule 20 to the facts of the present case or cite to any relevant authority; therefore, I decline to analyze the issue further. See Grey v. Grey, 638 So.2d 488, 491 (Miss. 1994); Williams v. State, 708 So.2d 1358 (Miss. 1998).
¶39. In coming to the conclusion that Chevron should not be joined, the trial court reviewed the relevant documents and heard argument from Chevron and the school district and the City. Based on my review of the record, I cannot hold that the trial court abused its discretion in denying the joinder of Chevron.
¶40. Finally, the majority does a disservice to the parties and the members of the bench and bar by issuing a majority opinion in its present form. The majority reaches an agreement on a result but not on the law governing the result. It may do so. See White’s Lumber Supply Co. v. Collins, 186 Miss. 659, 191 So. 105, 106 (1939). However, five justices in the instant case voted with the majority. One reading our opinions will not know how many justices agree in whole or in part with either of the two rationales advanced by the majority. I am unable to discern any reason to withhold the votes from the parties or from those who may seek to cite the opinion in the future. Certainly, no reader of the majority opinion should consider either the grounds of waiver or the Rule 19(a)(2) rationale to be the law in Mississippi and seek to apply one or both as binding authority to any future, similar case, as apparently neither received a majority vote of the Court. In any event, the purposes of issuing opinions to the public would be better served if the majority were to issue separate, plurality opinions on the issue of joinder. See White’s Lumber Supply Co., 191 So. at 106.
LAMAR AND BEAM, JJ., JOIN THIS OPINION. MAXWELL, J., JOINS THIS OPINION IN PART.

. It is difficult to gather from the record and briefs whether the school district is attempting to join Chevron as a defendant or as an involuntary plaintiff who also is involuntarily challenging the methodology.