914 So.2d 288 (2005)
Shawn Dewayne BURTON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KP-00562-COA.
Court of Appeals of Mississippi.
October 25, 2005.
*289 Shawn Dewayne Burton, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before LEE, P.J., MYERS and BARNES, JJ.
LEE, P.J., for the Court.

FACTS
¶ 1. Around 1:00 a.m. the morning of August 7, 1999, Anita Whittington and her children arrived at the Cabot Lodge in Ridgeland to rest for the night. After taking her children and luggage inside the hotel, Whittington exited the building to park her car. She exited the vehicle with her purse, when she was confronted by Shawn Burton, who grabbed Whittington's purse. Whittington's arm became entangled in her purse strap, and Burton dragged her several feet to his vehicle and began to drive away with the door open, dragging Whittington on the asphalt. Whittington testified that she begged Burton to stop, pleading that her arm was tangled in her purse. Whittington was saved when her watch strap broke, releasing her from the straps of her purse. Whittington received several injuries to her arm and face, including a broken nose.
¶ 2. Burton used Whittington's ATM card to make several withdrawals around the city, and he was photographed by the security camera located at one of the machines. Whittington identified Burton as the man who robbed her, and her pistol, which was in her purse, was found inside Burton's vehicle along with Whittington's purse.

PROCEDURAL HISTORY
¶ 3. Burton was arrested on August 9, 1999, and charged with robbery, kidnaping and auto burglary. He was remanded to the custody of a United States marshall and transported to the Federal Department of Corrections pending a charge of possessing a firearm as a convicted felon. Burton was convicted of that charge and was sent to federal prison. On March 30, 2001, Burton was indicted by the Madison County grand jury on one count of robbery and one count of kidnaping. Burton was tried on December 9, 2003, and he was convicted of robbery. He was sentenced *290 to serve fifteen years in the custody of the Mississippi Department of Corrections, but his sentence was to be served concurrently with his federal sentence.
¶ 4. It is from this conviction that Burton now appeals, arguing the following two points of error which we quote verbatim: (1) whether the trial court erred by denying motion to dismiss for violation of defendant's right to speedy trial and due process of law; and (2) whether the trial court erred in denying suppression of prejudicial photographic lineup.
¶ 5. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 6. This Court's review of a speedy trial claim encompasses the fact question of whether the trial delay rose from good cause. DeLoach v. State, 722 So.2d 512, 516(¶ 12) (Miss.1998). Under this Court's standard of review, we will uphold a decision based on substantial, credible evidence. Id. (citing Folk v. State, 576 So.2d 1243, 1247 (Miss.1991)). This Court will ordinarily reverse if no probative evidence supports the trial court's finding of good cause. Id. The State bears the burden of proving good cause for a speedy trial delay. Id. (citing Flores v. State, 574 So.2d 1314, 1318 (Miss. 1990)). Regarding the photographic lineup, "[a] trial court's ruling on the admissibility of a witness identification is reviewed for clear error." Bell v. State, 847 So.2d 880, 885(¶ 14) (Miss.Ct.App.2002) (citing Neil v. Biggers, 409 U.S. 188, 200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)).

DISCUSSION OF ISSUES

I. DID THE TRIAL COURT ERR IN DENYING BURTON'S MOTION TO DISMISS FOR VIOLATING BURTON'S RIGHT TO A SPEEDY TRIAL?
¶ 7. On appeal, Burton argues that his trial was delayed in violation of his right to a speedy trial. Burton argues that the delay prejudiced him and prohibited him from locating a witness named Andrea Johnson and another material witness named Patreal Lindsey. We note that Burton does not contest his statutory right to a speedy trial under Mississippi Code Annotated § 99-17-1 (Rev.2000).
¶ 8. The State argues that while state and federal authorities could not locate Johnson, Lindsey actually testified for the defense at trial; therefore, Burton was not prejudiced regarding Lindsey. The State also argues that the delay was the result of Burton's incarceration in another jurisdiction.
¶ 9. For constitutional purposes, a defendant's right to a speedy trial attaches at the time of arrest. Atterberry v. State, 667 So.2d 622, 626 (Miss.1995). Burton's right to a speedy trial attached on August 9, 1999, the date of his arrest. Because the constitutional right to a speedy trial has attached, this Court must consider and apply the test enunciated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and adopted by the Mississippi Supreme Court in determining whether the defendant was denied his right to a speedy trial. Giles v. State, 650 So.2d 846, 850 (Miss.1995). The Barker factors are as follows: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) any prejudice resulting to the defendant from the delay. Atterberry, 667 So.2d at 626 (collecting authorities). We do not analyze these factors in isolation; indeed, the factors must be considered together and assessed in light of all the circumstances, including the conduct of both the prosecution and the accused. Id.

(A) The Length of the Delay
¶ 10. "`The delay is the triggering mechanism' and `must be presumptively *291 prejudicial' or the analysis is halted." Id. (quoting Jaco v. State, 574 So.2d 625, 630 (Miss.1990)). A delay of eight months or more is presumptively prejudicial. Smith v. State, 550 So.2d 406, 408 (Miss.1989).
¶ 11. Burton was arrested on August 9, 1999, and indicted by the Madison County grand jury on March 30, 2001. Burton's trial began on December 9, 2003, resulting in a delay of some 1,584 days, or four years, four month and one day. Needless to say, this delay is presumptively prejudicial.

(B) The Reason for the Delay
¶ 12. Delays which are attributable to the defense toll the running of the clock, but where the State fails to show good cause for the delay, the time is counted against the State. Vickery v. State, 535 So.2d 1371, 1375-77 (Miss.1988).
¶ 13. The record is sparse regarding the activities of both the State and Burton from 1999 until 2003. While Burton was arrested on August 9, 1999, he was not indicted until March 30, 2001. It is unclear why there was a delay of 600 days between his arrest and indictment, because the record is silent as to the delay. Where the State is unable to show that the delay was the result of the defendant's actions or that the delay was for good cause, the delay must be counted against the State. Smith, 550 So.2d at 409. Accordingly, we count these 600 days against the State.
¶ 14. Burton was appointed counsel and waived arraignment on August 30, 2002. A status conference was held that same day, and Burton's trial was set for April 7, 2003. The record does not indicate why this delay of 221 days was necessary, and the State does not address this in its brief. We weigh this time against the State.
¶ 15. The State sent Burton's counsel discovery on September 10, 2002. On April 15, 2003, the State moved to amend the indictment to charge Burton as an habitual offender. On April 21, 2003, the trial court held a status conference at which Lisa Ross, one of Burton's attorneys, told the trial court that discovery was completed. The status conference report indicates that the State anticipated calling five witnesses at trial, while Burton anticipated calling no one. On April 29, 2003, Burton filed a motion to dismiss for lack of a speedy trial, along with two motions in limine, seeking the suppression of testimony regarding Burton's prior convictions and his arrest and conviction on the federal charge. Burton also filed a motion for a continuance, and the trial was re-set for June 24, 2003. These fifty-seven days are clearly attributable to Burton.
¶ 16. Due to the trial of another case, the trial court granted a continuance sua sponte on June 30, 2003. The trial was re-set for December 8, 2003. This delay of 168 days cannot be attributed to either the State or Burton because a congested docket is considered "good cause" if the delay was actually granted for that reason. Manix v. State, 895 So.2d 167, 175(¶ 12) (Miss. 2005).
¶ 17. Although fifty-seven days can be attributed to Burton, and 168 days do not count toward either Burton or the State, some 821 days are credited to the State, and 538 days remain for which there is no explanation. This factor clearly weighs in favor of Burton.

(C) Burton's Assertion of his Right to a Speedy Trial
¶ 18. On April 29, 2003, Burton's attorney filed a motion seeking dismissal due to the State's violation of Burton's right to a speedy trial. The Mississippi Supreme Court has noted that a defendant's failure to assert his right to a speedy trial weighs against him. Perry v. *292 State, 637 So.2d 871, 875 (Miss.1994). Additionally, it is well settled law that "a demand for dismissal for violation of the right to speedy trial is not the equivalent of a demand for speedy trial." Id. Although Burton argues that he asserted his right to a speedy trial on February 1, 2002, the record before this Court does not indicate that any such assertion was made. This factor weighs in favor of the State.

(D) Any Prejudice Resulting to the Defense as a Result of the Delay
¶ 19. The Mississippi Supreme Court has found that an affirmative showing of prejudice is not absolutely necessary to prove a denial of the constitutional right to a speedy trial. Flores v. State, 574 So.2d 1314, 1323 (Miss.1990). In considering this final factor, we consider three interests: (1) prevention of oppressive pretrial incarceration; (2) minimization of the accused's anxiety and concern; and (3) limitation of the possibility that the defense will be impaired. State v. Magnusen, 646 So.2d 1275, 1284 (Miss.1994) (quoting Barker, 407 U.S. at 532, 92 S.Ct. 2182). It is patently obvious that prejudice exists if witnesses die or disappear. Id. However, there can be no prejudice to the defendant when the possibility of the witness is "insubstantial, speculative and premature." Gray v. State, 728 So.2d 36, 50(¶ 45) (Miss.1998).

(1) Oppressive Pre-Trial Incarceration
¶ 20. Burton does not directly address this issue in his brief, possibly because immediately after his August 9, 1999, arrest he was surrendered to the custody of the Federal Department of Corrections regarding a charge and conviction of possession of a firearm as a convicted felon. He remained in federal custody until his State trial on December 9, 2003. We do not agree that Burton was subject to oppressive pre-trial incarceration.

(2) The Accused's Anxiety and Concern
¶ 21. Nothing in the record reflects that Burton suffered anxiety or concern regarding the delay of his trial. As such, we do not find that this weighs in favor of Burton.

(3) The Possibility that the Defense was Impaired
¶ 22. Burton argues that he was prejudiced because he was unable to locate Johnson and Lindsey, who would testify on his behalf at his trial. The record reflects that Lindsey testified at Burton's trial. Lindsey's testimony at trial contradicts Burton's argument of prejudice regarding that witness. Insofar as prejudice regarding Lindsey is concerned, this factor weighs in favor of the State.
¶ 23. Burton argues that Johnson would have provided him with an alibi for the night in question. Although the disappearance of a witness is prejudicial, the record is devoid of any indication that Johnson actually exists. Additionally, on September 10, 2002, the State requested notice of any alibi defense pursuant to Uniform Rule of Circuit and County Court Practice 9.05. Nothing in the record indicates that Burton filed a notice of his intention to offer an alibi defense. Johnson's existence is, at best, speculative, and it would be speculative to assume that the trial judge would allow the testimony of an alibi witness which the defense failed to timely disclose pursuant to Rule 9.05. The prejudice factor weighs in favor of the State.

(E) Combined Analysis of All of the Barker Factors
¶ 24. Although the State has failed to prove good cause for the delay in bringing *293 Burton to trial, we do not agree that Burton suffered prejudice as a result of the delay. Neither State nor federal authorities could locate Johnson. There is no indication in the record that Johnson exists, except for Burton's unsupported assertion that he was with her at the time of the crime. Furthermore, the record does not reflect that Burton ever asserted his right to a speedy trial. Burton's contention that his case should have been dismissed lacks merit.

II. DID THE TRIAL COURT ERR IN DENYING THE MOTION TO SUPPRESS THE PHOTOGRAPHIC LINEUP?
¶ 25. Burton next argues that the trial court erred in failing to suppress a prejudicial photographic lineup. Burton does not provide any authority or argument in support of this issue. Failure to support relevant authority in support of an issue eliminates this Court's obligation to review the issue. Williams v. State, 708 So.2d 1358, 1362-63 (¶ 12) (Miss.1998).
¶ 26. Burton does, however, argue that he is entitled to a new trial because the State destroyed one of two photographic lineups presented to Whittington. In Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), the Supreme Court held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." It logically follows that where there is no bad faith on behalf of the police department, there is no denial of due process. Wilson v. State, 574 So.2d 1324, 1329 (Miss.1990). Furthermore, we note that Burton's picture was not included in the first lineup, and that Whittington did not identify anyone in the first lineup as being her attacker; however, when presented with the second lineup which contained Burton's picture, Whittington positively identified him as her attacker. Burton has failed to show bad faith on behalf of the police department. This issue lacks merit.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT POSSIBILITY OF PROBATION OR PAROLE TO RUN CONSECUTIVELY TO HIS FEDERAL SENTENCE IN CAUSE NUMBER 3:99CR154BS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
KING, C.J., BRIDGES, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.